ULRICH KLOPFER, Plaintiff-Appellant, v. THE COURT OF CLAIMS *et al.*, Defendants-Appellees (The Department of Public Aid, Defendant).

First District (5th Division)    No. 1—95—4095

Opinion filed January 31, 1997.—Rehearing denied March 6, 1997.

500

Cooke, Lewis & Lapat, of Chicago (Michael Lapat, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Mary E. Welsh, Assistant Attorney General, of counsel), for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Dr. Ulrich Klopfer, filed a petition for a writ of *certiorari* in the circuit court of Cook County seeking review of a decision of the Illinois Court of Claims (Court of Claims). The circuit court dismissed the petition and the plaintiff filed the instant appeal. We affirm.

The plaintiff filed a complaint in the Court of Claims on January 16, 1981, against the Illinois Department of Public Aid (Department), seeking payment for 931 abortions that he performed on public aid recipients between June 1978 and February 1979. An evidentiary hearing was held before a commissioner of the Court of Claims commencing August 1, 1983, and concluding with the closing of proofs on January 5, 1984. Thereafter, the parties submitted written briefs to the Court of Claims in support of their respective positions.

The Court of Claims issued an opinion on August 1, 1990, denying the plaintiff's claim based, in part, upon its finding that his claim was untimely. On August 13, 1990, the plaintiff filed a petition for rehearing contending, *inter alia*, that the statutory limitations pe-

riod had been waived because of the Department's failure to raise the issue by means of an affirmative defense or a written motion, and that he had been denied a fair opportunity to address the question. The Court of Claims denied the petition in an opinion dated September 29, 1993, holding, in relevant part, that the limitations issue had been sufficiently raised during the proceedings, and, since compliance with the applicable limitation is jurisdictional, the Court of Claims could dismiss the plaintiff's untimely claim on its own motion.

The plaintiff filed a petition for a writ of *certiorari* in the circuit court against the Court of Claims, its judges, and the Department, claiming:

"That the Court of Claims and judges thereof, in direct violation of United States Constitutional Law, Illinois Constitutional Law, Illinois Statutory Law, and Common Law, suspended and refused to follow Constitutionally required Procedural Due Process in the Proceedings of [the] Court of Claims regarding the Plaintiff's case; denying the Plaintiff property without Due Process of Law; denying the Plaintiff a fundamentally fair trial; and denying the Plaintiff Procedural Due Process required by the Illinois Constitution, Illinois Statutory Law, and Rules of Procedure of the Court of Claims."

The Department filed a special appearance pursuant to section 2—301 of the Code of Civil Procedure (Code) (735 ILCS 5/2—301 (West 1994)), contending that it (1) had not been properly served with summons, and (2) was not a proper party defendant in any action brought in the circuit court (see *Smith v. Jones*, 113 Ill. 2d 126, 497 N.E.2d 738 (1986)). The trial court dismissed the Department from the action, an order which the plaintiff has not appealed. The Court of Claims and its judges moved for dismissal pursuant to section 2—619(a)(9) of the Code (735 ILCS 5/2—619(a)(9) (West 1994)), arguing that the Court of Claims correctly dismissed the plaintiff's claim on jurisdictional grounds. The circuit court granted the defendants' section 2—619 motion, and it is from that order that the plaintiff has appealed.

■ We must commence our analysis with an acknowledgement that decisions of the Court of Claims are generally not subject to judicial review. A narrow exception to this rule exists in circumstances where the Court of Claims acts in a manner that deprives a party of the constitutional right to due process. *Hyde Park Medical Laboratory, Inc. v. Court of Claims*, 259 Ill. App. 3d 889, 632 N.E.2d 307 (1994). Because no other mode of appeal or review of the actions of the Court of Claims has been provided by statute, a common law writ of *certiorari* may be available to compel the Court of Claims to

afford a party an opportunity to be heard at a meaningful time and in a meaningful manner. *Rossetti Contracting Co. v. Court of Claims*, 109 Ill. 2d 72, 485 N.E.2d 332 (1985). Such a writ is not available, however, to review the correctness of any decision of the Court of Claims based upon the merits of the case before it. *Rossetti*, 109 Ill. 2d at 79-80. Consequently, we will consider only those issues raised by the plaintiff that address the due process afforded him before the Court of Claims and the propriety of the trial court having disposed of this action pursuant to a section 2—619 motion. For jurisdictional reasons, we must decline to consider any issue raised by the plaintiff going to the correctness of the factual findings of the Court of Claims that underlie its decision to dismiss the plaintiff's claim against the Department.

The plaintiff argues in his brief before this court, as he did before the circuit court, that in addressing the limitations issue without the question ever having been raised in any written motion or affirmative defense filed by the Department, the Court of Claims violated the Code and its own rules of procedure; and, in so doing, denied him both substantive and procedural due process. We believe, however, that the plaintiff's contentions in this regard exhibit a misunderstanding of the subject matter jurisdiction conferred upon the Court of Claims by statute and, more fundamentally, the distinction between general statutes of limitation and statutes that both confer jurisdiction and fix the time within which such jurisdiction may be exercised.

The plaintiff's underlying claim against the Department was predicated upon his alleged performance of medical procedures upon authorized Medicaid recipients which, according to the plaintiff's complaint before the Court of Claims, were rendered as a provider of medical services under the Department's rules and regulations. Consequently, there is no dispute that the claim fell within the exclusive jurisdiction of the Court of Claims.

■ Although article XIII, section 4, of the Illinois Constitution of 1970 abolished sovereign immunity, the General Assembly was empowered to restore it. Ill. Const. 1970, art. XIII, § 4. In 1971, acting pursuant to that constitutional grant of authority, the legislature enacted the State Lawsuit Immunity Act, which states that, "[e]xcept as provided in 'AN ACT to create the Court of Claims ***', the State shall not be made a defendant or party in any court." Ill. Rev. Stat. 1973, ch. 127, par. 801. The Court of Claims Act (Act) (Ill. Rev. Stat. 1977, ch. 37, par. 439.1 *et seq.*) provides that the Court of Claims "shall have exclusive jurisdiction to hear and determine *** [a]ll claims against the state founded upon any law of the State of Illinois,

or upon any regulation thereunder by an executive or administrative officer or agency" of the State (Ill. Rev. Stat. 1977, ch. 37, par. 439.8(a)) and "[a]ll claims against the State founded upon any contract entered into with the State of Illinois" (Ill. Rev. Stat. 1977, ch. 37, par. 439.8(b)).

■ In addition to vesting the Court of Claims with exclusive jurisdiction to hear and determine the plaintiff's underlying claim against the Department, the Act also fixed the time within which the claim had to be brought. Specifically, section 22(b) of the Act provides:

"All claims cognizable against the State by vendors of goods or services under the 'Illinois Public Aid Code', approved April 11, 1967, as amended, must [be] file[d] within one year after the accrual of the cause of action, as provided in [section] 11—13 of that Code." Ill. Rev. Stat. 1977, ch. 37, par. 439.22(b).

Section 11—13 of the Illinois Public Aid Code states that actions against the Department for services furnished to recipients do not accrue "until the vendor has been notified in writing that the claim or part thereof is disallowed or disapproved." Ill. Rev. Stat. 1977, ch. 23, par. 11—13. In this case, the Court of Claims, both in its original opinion and in its opinion denying a rehearing, found that the plaintiff's claim was untimely because it was filed more than one year after the Department's written notification of disallowance.

■ In *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 486 N.E.2d 893 (1985), our supreme court articulated the significance of statutes that both create rights and fix the time within which an action to enforce those rights can be brought, and the distinction between these statutes and general statutes of limitation. The *Fredman* Court held:

"Statutes of limitation only fix the time within which the remedy for a particular wrong may be sought. [Citation.] They 'are procedural in nature [citations] and are not designed to alter substantive rights ***.' [Citation.]

On the other hand, 'statutes which create a substantive right unknown to the common law and in which time is made an inherent element of the right so created, are not statutes of limitation.' [Citation.] Such a time period 'is more than an ordinary statute of limitations' [citation]; it 'is a condition of the *** liability itself and not of the remedy, alone. *** It goes to the existence of the right itself.' [Citation.] Such a provision is a condition precedent to the plaintiff's right to seek a remedy. [Citations.] Such statutes set forth the requirements for bringing the right to seek a remedy into existence. They do not speak of commencing an action after the right to do so has accrued. They are jurisdictional, not mandatory." *Fredman*, 109 Ill. 2d at 209-10.

■ As such, compliance with the one-year time limitation contained in the Act was a jurisdictional prerequisite to the plaintiff's right to bring his action before the Court of Claims. See *Robinson v. Human Rights Comm'n*, 201 Ill. App. 3d 722, 559 N.E.2d 229 (1990).

■ The Court of Claims is not a "court" within the meaning of article VI of the Illinois Constitution of 1970. *Rossetti*, 109 Ill. 2d 72. It is a tribunal much akin to a court of limited jurisdiction. Being a purely statutory creation possessing no inherent or common law power, the Court of Claims can only assume jurisdiction in conformity with the statute that empowers it. See *Robinson*, 201 Ill. App. 3d at 728. Subject matter jurisdiction includes both the power to hear and determine a class of cases and the power to grant the particular relief requested. *People ex rel. Illinois Department of Human Rights v. Arlington Park Race Track Corp.*, 122 Ill. App. 3d 517, 461 N.E.2d 505 (1984). Defects in subject matter jurisdiction cannot be waived (*Glasco Electric Co. v. Department of Revenue*, 86 Ill. 2d 346, 427 N.E.2d 90 (1981); *People ex rel. Compagnie Nationale Air France v. Giliberto*, 74 Ill. 2d 90, 383 N.E.2d 977 (1978)), and the parties to an action cannot confer such jurisdiction by their acquiescence or consent (*City of Chicago v. Shayne*, 27 Ill. 2d 414, 189 N.E.2d 324 (1963)). Consequently, the failure to raise the statutory limitations period as an affirmative defense to an action before the Court of Claims cannot result in a waiver of the issue vesting the Court of Claims with subject matter jurisdiction.

■ The lack of subject matter jurisdiction is such a fundamental defect that it may be raised at any time (*Michelson v. Industrial Comm'n*, 375 Ill. 462, 31 N.E.2d 940 (1941)), and by any means, even the court's own motion (see *Ferguson v. Riverside Medical Center*, 111 Ill. 2d 436, 490 N.E.2d 1252 (1985); *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 470 N.E.2d 290 (1984)). Not only does a tribunal have the right to examine its jurisdiction on its own initiative, it has an affirmative obligation to do so (see *In re Marriage of Betts*, 159 Ill. App. 3d 327, 511 N.E.2d 732 (1987); *Rothert v. Rothert*, 109 Ill. App. 3d 911, 441 N.E.2d 179 (1982); *E.M. Melahn Construction Co. v. Village of Carpentersville*, 100 Ill. App. 3d 544, 427 N.E.2d 181 (1981)), as every act of a tribunal beyond its jurisdiction is void (*People ex rel. Brzica v. Village of Lake Barrington*, 268 Ill. App. 3d 420, 644 N.E.2d 66 (1994)).

■ We reject the plaintiff's contentions that he was denied a meaningful opportunity to address the limitations issue before the Court of Claims, and that his rights to substantive and procedural due process were violated when the Court of Claims denied his claim as untimely in the absence of any pleading placing the statutory limitations period in issue.

As a factual matter, the record before us reveals that evidence was introduced before the commissioner going to the date upon which the Department disallowed the plaintiff's claims for payment. The commissioner went so far as to advise the parties that the question of whether the plaintiff filed his claim timely was an issue in the case. Additionally, the Court of Claims afforded the plaintiff an opportunity to submit a supplemental brief in support of his petition for rehearing specifically addressing the limitations issue. These facts notwithstanding, compliance with the statutory limitations period was always an issue in the plaintiff's action before the Court of Claims.

When, as in this case, a special statute of limitations is applicable to a statutory right of action, the plaintiff bears the burden to plead and prove that the action was brought within the time prescribed. *Demchuk v. Duplancich*, 92 Ill. 2d 1, 440 N.E.2d 112 (1982). Compliance with such a limitation is a condition of liability (*Fredman*, 109 Ill. 2d at 210), and thus, an element of the plaintiff's cause of action (*Demchuk*, 92 Ill. 2d at 6-7). Consequently, a suggestion that the plaintiff has failed to timely file his action in such a case gives no color to the claim and is, therefore, not an affirmative defense. See *Vroegh v. J&M Forklift*, 165 Ill. 2d 523, 651 N.E.2d 121 (1995). Nor can such a suggestion be deemed affirmative matter which, if not expressly stated in the defendant's pleadings, would be likely to take the plaintiff by surprise (see 735 ILCS 5/2—613(d) (West 1994)), as a plaintiff can hardly be surprised that he must prove the elements of his claim.

The plaintiff has cited the holding in *Shute v. Chambers*, 142 Ill. App. 3d 948, 492 N.E.2d 528 (1986), for the proposition that defendants must affirmatively plead the passage of a special statute of limitations in order to raise the issue as a bar to a plaintiff's claim. To the extent that *Shute* so holds, we decline to follow it. However, we hasten to point out that the portion of the *Shute* opinion upon which the plaintiff relies is *dicta*, as the court in that case ultimately held the special limitation under consideration inapplicable to the plaintiff's cause of action. *Shute*, 142 Ill. App. 3d at 952.

From the very outset, the plaintiff bore the burden of establishing that he filed his action in the Court of Claims within the one-year limitations period set forth in the Act. Nothing in the record of the proceedings before the Court of Claims or in the factual allegations contained in plaintiff's petition for a writ of *certiorari* even remotely suggests that the Court of Claims, or its judges and commissioner, denied the plaintiff an opportunity to introduce evidence in an effort to meet that burden.

■ In a related argument, the plaintiff claims that the manner in which the Court of Claims addressed the limitations issue somehow deprived him of an opportunity to establish that the Department was estopped by reason of its conduct from relying upon the statutory limitations period to defeat his claim. Aside from the fact that the plaintiff fails to inform us of the conduct of which he speaks, the argument is legally unavailing.

The genesis of the notion that estoppel principles are applicable to jurisdictional time limitations seems to be found in *Lee v. Human Rights Comm'n*, 126 Ill. App. 3d 666, 467 N.E.2d 943 (1984). However, *Lee*, decided one year prior to *Fredman*, did not analyze the distinction between jurisdictional limitations and general statutes of limitation. Instead, the *Lee* Court relied on *Sabath v. Morris Handler Co.*, 102 Ill. App. 2d 218, 223, 243 N.E.2d 723 (1968), a case that discusses the circumstances under which a defendant may be estopped from raising a defense based upon the passage of a general statute of limitations. See *Lee*, 126 Ill. App. 3d at 669; see also *Pickering v. Human Rights Comm'n*, 146 Ill. App. 3d 340, 348, 496 N.E.2d 746 (1986).

In *Robinson*, the court strongly questioned the applicability of equitable principles to toll a jurisdictional time limit. *Robinson*, 201 Ill. App. 3d at 729-30. Given the distinction between jurisdictional limitations and general statutes of limitation, we decline to follow *Lee* and its progeny, and find no exception to the requirement that the jurisdictional time limitations in the Act must be met before the subject matter jurisdiction of the Court of Claims attaches.

Subject matter jurisdiction is the power and authority of a tribunal to consider and act upon the case before it. It either exists or it does not. Just as subject matter jurisdiction cannot be conferred by the consent or acquiescence of the parties, neither can it be conferred by estoppel. *Volkmar v. State Farm Mutual Automobile Insurance Co.*, 104 Ill. App. 3d 149, 432 N.E.2d 1149 (1982); *Paulik v. Village of Caseyville*, 100 Ill. App. 3d 573, 427 N.E.2d 213 (1981).

■ Lastly, we will address the plaintiff's contention that the trial court erred in disposing of this action in response to the defendants' section 2—619 motion. The plaintiff seems to argue that the trial court failed to accept the allegations in his petition as true for purposes of ruling on the defendants' motion and granted the motion in the face of disputed issues of fact.

The disputed issues of fact, according to the plaintiff, are the specific dates upon which the Department disallowed his claims for payment. However, the Court of Claims determined that the plaintiff filed his action more than one year after the Department disallowed those claims; and, as stated earlier, the correctness of that factual de-

termination is beyond the scope of judicial review on a petition for a writ of *certiorari*. The dates that the plaintiff claims are in dispute are simply irrelevant to the issue of whether he was afforded due process before the Court of Claims.

The only allegation in his petition that the plaintiff references in the context of his argument that the trial court failed to accept all well-pled facts as true is the allegation "that the Plaintiff's right to a fundamentally fair trial was violated by the Court of Claims." This allegation, however, is not an allegation of fact; rather, it is a conclusion of law. While a section 2—619 motion admits all well-pled facts, it does not admit conclusions of law. *Bell Fuels, Inc. v. Lockheed Electronics Co.*, 130 Ill. App. 3d 940, 474 N.E.2d 1312 (1985).

Having found no deprivation of the plaintiff's due process rights by the Court of Claims in the dismissal of his action as untimely, we (1) need not address the plaintiff's other contentions on appeal as they relate to the additional grounds for dismissal relied upon by the Court of Claims, and (2) affirm the trial court's dismissal of the plaintiff's petition for a writ of *certiorari*.

Affirmed.

HARTMAN, P.J., and SOUTH, J., concur.