SIXTH DIVISION

                                            October 9, 1998

No. 1-97-2076

JOHN REYES, as Special Adm'r        )  

of the Estate of Frances Reyes, )  

)  

Petitioner-Appellee, )  Appeal from the

)  Circuit Court of

v. )  Cook County, Illinois

)  County Department,

COURT OF CLAIMS OF THE STATE OF     )  Chancery Division,

ILLINOIS; ROGER A. SOMER, as Chief )  

Justice of the COURT OF CLAIMS; )  

RANDY PATCHETT, NORMA F. JANN, )  No. 95 CH 9123

ROBERT G. FREDERICK, RICHARD T. )

MITCHELL, DAVID A. EPSTEIN, and )

ANDREW M. RAUCCI, as Judges of the )  Honorable

COURT OF CLAIMS; and the BOARD OF )  Ellis E. Reid,

TRUSTEES OF THE UNIVERSITY OF )  Judge Presiding.

ILLINOIS HOSPITAL, )

)

Respondents-Appellants. )

JUSTICE QUINN delivered the opinion of the court:

Plaintiff, special administrator of the estate of his mother, Frances Reyes (Reyes), filed suit in the circuit court of Cook County, seeking recovery in tort for medical malpractice for alleged negligent medical treatment by the Board of Trustees of the University of Illinois Hospital (the Board of Trustees), the governing body of the hospital.  The trial court dismissed plaintiff's action, finding that it lacked jurisdiction to resolve the dispute because the Board of Trustees, as an arm of the state, could only be sued in the Court of Claims.  Within 21 
days of the dismissal of the action, plaintiff filed a complaint in the Court of Claims, which was dismissed because it was not timely filed within the statute of limitations period of two years.  Thereafter, plaintiff filed a motion for rehearing and reconsideration with the Court of Claims.  The Court of Claims held a hearing and denied the motion for reconsideration.  

Plaintiff also filed a petition for a writ of certiorari in the circuit court of Cook County, asserting that he was deprived of his constitutional right to due process by the Court of Claims.  The trial court granted plaintiff's petition for a writ of 
certiorari
, reversed the dismissal by the Court of Claims, and remanded the cause to the Court of Claims for further proceedings. 

The Court of Claims appeals from the circuit court's order and remandment of the case.  For the following reasons, we reverse the circuit court's order.   

A brief substantive and procedural history of the case follows.

Frances Reyes died on August 24, 1986.  October 7, 1985, was the last date of treatment of Frances Reyes.  The two-year statute of limitations period began running on this date.  

On October 1, 1987, plaintiff filed suit in the circuit court of Cook County against the Board of Trustees, the treating physicians and the hospital.  The Board of Trustees responded by filing a motion to dismiss for lack of subject matter jurisdiction because plaintiff's claim had to be filed in the Court of Claims.

On April 4, 1988, the trial court granted the Board of Trustees' motion to dismiss but stated in its order that plaintiff was granted leave to refile his case against the Board of Trustees in the Court of Claims.  

On April 20, 1988, plaintiff filed notice of his claim against the Board of Trustees with the clerk of the Court of Claims.  On April 25, 1988, plaintiff filed his claim against the Board of Trustees in the Court of Claims.  

Subsequently, the cause was continued by agreement until the conclusion of the circuit court action at law against the other defendants in 1993.  The Court of Claims action was returned to the "active calendar" call in 1994.  

On March 21, 1995, the Board of Trustees filed a motion to dismiss plaintiff's complaint, arguing in part that the complaint was not timely filed within the statute of limitations period.  The Board of Trustees argued that plaintiff's complaint was based on medical malpractice for treatment rendered in August 1985 and that such actions must be filed within two years of the date that the claim accrued.  The Board of Trustees also asserted that the report of Dr. Oscar Sugar, plaintiff's expert, indicated that Reyes' last contact with the University of Illinois Hospital was on October 7, 1985, and that plaintiff's complaint was not filed in the Court of Claims until April 25, 1988.  Dr. Sugar's report was attached to the Board of Trustees' motion to dismiss.  

On June 1, 1995, plaintiff filed objections to the Board of Trustees' motion, arguing that section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1994)) extended the limitations period under the circumstances of this case.  Plaintiff argued that the claim arose out of treatment rendered by the Board of Trustees through October 7, 1985, that plaintiff originally had filed a complaint in the circuit court of Cook County within the two-year limitations period, and that the circuit court had dismissed that action for lack of subject matter jurisdiction and granted plaintiff leave to refile the case in the Court of Claims.  

On August 22, 1995, the Court of Claims entered an order dismissing plaintiff's claim as untimely.  The court found that the "savings statute" in section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1994)) did not apply to extend the limitations period in plaintiff's case because dismissal by the circuit court for lack of jurisdiction was not one of the grounds specified in the section for extending the limitations period.  

On September 21, 1995, plaintiff filed a motion for rehearing and reconsideration.  On that same date, plaintiff filed a petition for a writ of certiorari in the circuit court of Cook County against the Illinois Court of Claims and the Board of Trustees of the University of Illinois Hospital, seeking judicial review of the Court of Claims' dismissal of the action.  Plaintiff alleged a violation of his right to due process.  On October 16, 1995, the Board of Trustees filed a response to plaintiff's motion in the Court of Claims, and on December 6, 1995, plaintiff filed a reply to the response.  On December 12, 1995, the parties presented oral argument on plaintiff's motion, and on January 30, 1996, the Court of Claims denied the motion for rehearing and reconsideration.  

On March 20, 1996, plaintiff filed an amended petition for a writ of certiorari in the circuit court.  In the petition, plaintiff argued that the filing of an action in the circuit court satisfied the notice and filing requirements of the Court of Claims Act and that section 13-217 of the Code of Civil Procedure allowed the refiling of plaintiff's claim in the Court of Claims.

On September 25, 1996, the Court of Claims filed a motion to dismiss plaintiff's complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 1994)), arguing that the circuit court did not have jurisdiction to review decisions of the Court of Claims.  On October 15, 1996, plaintiff filed a response, arguing that the circuit court had jurisdiction to review the Court of Claims' decision because the Court of Claims ignored the doctrine of 
stare decisis
 in not following supreme court precedent and that this conduct constituted the "rare set of circumstances" required to invoke this court's jurisdiction by means of a petition for writ of  certiorari.  On November 1, 1996, the circuit court denied the Court of Claims' motion, finding that it had subject matter jurisdiction to hear the matter.  

On May 5, 1997, the trial court granted plaintiff's petition for a writ of 
certiorari
 and reversed the dismissal by the Court of Claims.  The circuit court found that plaintiff's complaint in the Court of Claims had been timely filed under section 22(h) of the Court of Claims Act (705 ILCS 505/22(h) (West 1994)) and remanded the case for further proceedings in the Court of Claims.

The Court of Claims appeals from the circuit court's order and remandment of the case.  For the following reasons, we reverse the circuit court's order.  

An issue as to whether a court lacked subject-matter jurisdiction may be brought at any time.  
Klopfer v. Court of Claims
, 286 Ill. App. 3d 499, 505 (1997).  A lack of subject-

matter jurisdiction is such a fundamental defect that a tribunal has an affirmative obligation to examine its jurisdiction.  
Klopfer
, 286 Ill. App. 3d at 505.  A dispute as to whether a court had proper subject-matter jurisdiction is reviewed 
de novo
.  
City of Marseilles v. Radke
, 287 Ill. App. 3d 757, 761 (1997).  

The Court of Claims Act confers exclusive jurisdiction on the Court of Claims to hear and determine, among others, the following types of cases:

"(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, and all like claims sounding in tort against the Medical Center Commission, the Board of Trustees of the University of Illinois ***."  705 ILCS 505/8 (West 1994).  

Thus, the Court of Claims had exclusive jurisdiction of plaintiff's tort claim against the Board of Trustees in the present case.  

Because the Court of Claims is a purely statutory creation, possessing no inherent or common law power, the Court of Claims can only assume jurisdiction in the manner prescribed by the Court of Claims Act, which empowers it.  
Klopfer v. Court of Claims
, 286 Ill. App. 3d 499, 505 (1997).  The Court of Claims is not a "court" within the meaning of article VI of the Illinois Constitution of 1970.  
Rosetti Contracting Co. v. Court of
 
Claims
, 109 Ill. 2d 72 (1985).  

Section 22(h) of the Court of Claims Act fixes a two-year time limitation for various claims, including tort claims.  705 ILCS 505/22(h) (West 1994).  Here, the two-year statute of limitations period began running on October 7, 1985, which was the last date of treatment of Frances Reyes.  Plaintiff did not file his claim in the Court of Claims until April 25, 1988, well after the limitations period expired on October 7, 1987.  

Klopfer
, 286 Ill. App. 3d 499, is directly on point.  
Klopfer
 held that there is no deprivation of due process rights in dismissing a case untimely filed in the Court of Claims, because the timely filing of a case is a jurisdictional prerequisite.  In 
Klopfer
, the plaintiff, Dr. Ulrich Klopfer, filed a complaint against the Illinois Department of Public Aid in the Court of Claims seeking payment for 931 abortions that he performed on public aid recipients between June 1978 and February 1979, and an evidentiary hearing was held before a commissioner of the Court of Claims.  
Klopfer
, 286 Ill. App. 3d at 501.  The Court of Claims denied the plaintiff's claim, one of the reasons being that his claim was not timely filed within the one-year limitations period.  The plaintiff then filed a petition for a writ of 
certiorari 
in the circuit court seeking review of the Court of Claims' decision, and the circuit court granted the defendant's motion to dismiss for lack of jurisdiction.  This court affirmed the circuit court's dismissal of the claim because the limitations period within the statute was a "jurisdictional prerequisite" to the plaintiff's right to bring his action in the Court of Claims.  
Klopfer
, 286 Ill. App. 3d at 505.  

In so holding, this court delineated the distinction between general statutes of limitation and statutes that both create rights and fix the time within which an action to enforce those rights can be brought, quoting the Illinois Supreme Court's decision in 
Fredman Brothers Furniture Co. v. Department of Revenue
, 109 Ill. 2d 202 (1985):

"Statutes of limitation only fix the time within which the remedy for a particular wrong may be sought.  [Citation.] They `are procedural in nature [citations] and are not designed to alter substantive rights ***.'  [Citation.]

On the other hand, `statutes which create a substantive right unknown to the common law and in which time is made an inherent element of the right so created, are not statutes of limitation.'  [Citation.]  Such a time period `is more than an ordinary statute of limitations' [citation]; it `is a condition of the *** liability itself and not of the remedy, alone.  ***  It goes to the existence of the right itself.'  [Citation.]  Such a provision is a condition precedent to the plaintiff's right to seek a remedy.  [Citations.]  Such statutes set forth the requirements for bringing the right to seek a remedy into existence.  They do not speak of commencing an action after the right to do so has accrued.  They are jurisdictional, not mandatory."  
Fredman
, 109 Ill. 2d at 209-10.  

Therefore, compliance with the two-year time limitation in the Court of Claims Act is a jurisdictional prerequisite to plaintiff's right to bring his action in the Court of Claims.  See 
Klopfer
, 286 Ill. App. 3d at 505.  Thus, plaintiff's claim was untimely and failed to vest the Court of Claims with jurisdiction to hear this action.  

Klopfer
 also held that, where a special statute of limitations is applicable to a statutory cause of action, the plaintiff bears the burden to plead and prove that the action was brought within the time period prescribed.  
Klopfer
, 286 Ill. App. 3d at 506.  Here, plaintiff failed to meet that burden.  

Plaintiff argues, nevertheless, that his filing of the case in the circuit court was sufficient to satisfy the requirements of notice and filing, and that the dismissal of his case based on lack of jurisdiction denied him due process.  Plaintiff cites 
Williams v. Medical Center Comm'n
, 60 Ill. 2d 389 (1975), as support for this position.  In 
Williams
, the Illinois Supreme Court specifically stated the following:

"Our decision in 
Roth v. Northern Assurance Co.
 (1964), 32 Ill. 2d 40, is authority for the proposition that the filing of the present action, although it was filed in the circuit court rather than in the court of claims, satisfies any statutory requirement of notice and filing."  
Williams
, 60 Ill. 2d at 396.  

In 
Roth
, the plaintiff originally filed his case in federal district court and it was dismissed for failure to satisfy the jurisdictional requirement as to the amount in controversy.  
Roth
, 32 Ill. 2d at 42.  The Illinois Supreme Court held that section 24 of the Limitations Act was applicable, providing for a one-year extension of the statute of limitations for the plaintiff to file his case in the circuit court.  
Roth
, 32 Ill. 2d at 50.  At the time Roth filed his action in the circuit court, section 24 of the Limitations Act provided:

"In any of the actions specified in any of the sections of this act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."  Ill. Rev. Stat. 1955, ch. 83, par. 24a.  

Section 24 of the Limitations Act was substantively amended several times after the 
Roth
 and 
Williams
 decisions.  In 1980 it was made applicable to actions dismissed by the United States District Court for want of jurisdiction.  Pub. Act. 81-279 §1, eff. August 26, 1979.  Section 24 of the Limitations Act is now section 13-217 of the Code of Civil Procedure.  735 ILCS 5/13-217 (West 1994).  Section 13-217 provides:

"§13-217.  Reversal or dismissal.  In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction."  735 ILCS 5/13-217 (West 1994).  

This "savings statute" enumerates the circumstances under which the statute of limitations for certain actions may be extended.  A dismissal by the circuit court for lack of jurisdiction is not one of them.  Therefore, section 13-217 does not apply and it cannot provide the basis for extending the statute of limitations in this case.  See 
720 Rand, Inc. v. Home Indemnity Co.
, 188 Ill. App. 3d 582, 586 (1989).  

In addition to the statutory requirements of notice and filing being radically changed, the holding in 
Williams
 is further distinguishable because the plaintiff in 
Williams
 was challenging the validity of the Court of Claims Act itself.  No such challenge has been made in this case.  

Further, even if we were to find that the Court of Claims ruled incorrectly because the filing of the case in circuit court was sufficient to satisfy the limitations period requirement, as in 
Williams
, plaintiff's due process rights were not violated.  

The requirement of due process is met by having an orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights.  
Stratton v. Wenona Community Unit District No. 1
, 133 Ill. 2d 413, 432 (1990).  
Due process does not guarantee against erroneous or unjust decisions by courts which have jurisdiction of the parties and the subject matter (
Kazubowski v. Kazubowski
, 45 Ill. 2d 405, 413 (1970)) and a constitutional question is not presented where a court may have misconstrued the law or committed an error for which its judgment should be reversed.  
Grant, Schon, Wise & Grant P.C. v. R.W. Borrowdale Co.
, 114 Ill. App. 3d 89, 92 (1983).  

Here, just as in 
Klopfer
, there is no indication that plaintiff was denied an opportunity to present evidence that he filed the action within the two-year limitations period, and so plaintiff was not deprived of due process.  Plaintiff merely could not establish a claim under the Court of Claims Act because he could not establish the element of timeliness as required.  The Court of Claims held a hearing where it allowed plaintiff an opportunity to be heard on his motion to reconsider.  Under 
Klopfer
, this is all that is required to afford a party his or her due process rights.  

Plaintiff's reliance on 
Rosetti Contracting Co. Inc. v. Court of Claims
, 109 Ill. 2d 72 (1985), is misplaced.  In 
Rosetti
, a contract action against the plaintiff was originally filed in the Court of Claims.  
Rosetti
, 109 Ill. 2d at 74.  The plaintiff filed a petition to intervene in the Court of Claims.  The Court of Claims apparently concluded that the plaintiff was guilty of fraud against the state under section 14 of the Court of Claims Act, which bars prosecution in that circumstance, denied the plaintiff's claim without allowing it to be heard, and did not state reasons for the denial.  
Rosetti
, 109 Ill. 2d at 75.  The plaintiff filed a petition for writ of 
certiorari
 in the circuit court, which was dismissed.  
Rosetti
, 109 Ill. 2d at 76.  The plaintiff then filed another petition to intervene in the Court of Claims, and the Court of Claims again denied the petition.  
Rosetti
, 109 Ill. 2d at 76.  The plaintiff was thus denied its right to appear in a forum and present its claim against the State of Illinois, without an opportunity to be heard.  The Illinois Supreme Court held that the Court of Claims denied the plaintiff due process, and its action was reviewable by writ of 
certiorari
 in circuit court.  
Rosetti
, 109 Ill. 2d at 78.  

Rosetti
 presents a totally different factual circumstance from the case at bar.  Here, plaintiff was not denied an opportunity to be heard, but is merely barred from filing his claim due to the expiration of the limitations period in the statute.  Unlike 
Rosetti
, where the plaintiff originally filed his claim properly in the Court of Claims, plaintiff here originally filed his action in circuit court and then sought to file in the Court of Claims after the limitations period had expired.  Also, the plaintiff in 
Rosetti
 was not afforded the benefit of any hearing, whereas here the Court of Claims heard the Board of Trustees' motion to dismiss and considered plaintiff's filed objections to this motion before granting the motion to dismiss.  The Court of Claims then considered plaintiff's motion for rehearing and reconsideration.  While the Court of Claims did not change its ruling in granting the Board of Trustees' motion to dismiss, plaintiff was given several opportunities to be heard.  

In addition to our ruling above, we rule that the circuit court did not have jurisdiction to consider plaintiff's petition for a writ of 
certiorari 
where it sought review of the Court of Claims' decision to dismiss plaintiff's complaint based on the limitations period argument.  

Decisions of the Court of Claims are generally not subject to judicial review, but a narrow exception exists for circumstances in which the Court of Claims acts in such a manner that it deprives a party of due process rights.  
Klopfer
, 286 Ill. App. 3d at 502.  Because no other mode of appeal or review of actions of the Court of Claims has been statutorily provided, a common law writ of 
certiorari 
may be available to compel the Court of Claims to afford a party an opportunity to be heard; however, such a writ is not available to review the correctness of any decision of the Court of Claims based on the merits of the case.  
Rosetti
, 109 Ill. 2d at 79-80. 

Thus, the correctness of the Court of Claims' factual determination that plaintiff's claim was not filed within the two-year limitations period is beyond the scope of judicial review on a petition for a writ of 
certiorari
.  The circuit court erred in granting plaintiff's petition for a writ of 
certiorari
, and so we reverse the decision of the circuit court.  

Reversed.  

GREIMAN and ZWICK, JJ., concur.