LARRY REICHERT, Petitioner-Appellant, v. THE COURT OF CLAIMS *et al.*, Respondents-Appellees.

Fourth District    No. 4—08—0523

Opinion filed May 7, 2009.

Mark S. Johnson and John R. Schneider (argued), both of Johnson & Schneider, LLC, of Cape Girardeau, Missouri, for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and John P. Schmidt (argued), Assistant Attorney General, of counsel), for appellee Court of Claims.

Matthew P. Kuenning and Barbara J. Mann, both of Nally, Bauer, Feinen & Mann, P.C., of Champaign, for appellee Board of Trustees, University of Illinois.

JUSTICE TURNER delivered the opinion of the court:

In May 1998, petitioner, Larry Reichert, filed an action in the Court of Claims of the State of Illinois (Court of Claims) against respondent, the Board of Trustees of the University of Illinois (University), for personal injuries suffered in a farming accident. In May 2007, the Court of Claims found the University was negligent and Reichert was guilty of contributory negligence. Reichert was awarded the statutory $100,000 maximum as damages. In December 2007, Reichert filed a second-amended petition for writ of *certiorari*, naming the University and the Court of Claims as respondents. Thereafter, respondents filed motions to dismiss the petition, which the circuit court granted.

On appeal, Reichert argues the circuit court erred in granting respondents' motions to dismiss. We affirm.

## I. BACKGROUND

On October 8, 1996, Reichert, a farmer, went to the Dixon Springs Agricultural Center to deliver a load of corn. The University's agent directed Reichert to a grain bin to unload his truck. The grain bin contained a hopper in front of an auger and a power take-off powered by a University tractor. During the process of unloading the corn, Reichert's left arm came into contact with the power take-off on the auger. His flannel shirt and an undershirt were torn off and his left arm was broken.

In May 1998, Reichert filed a claim in the Court of Claims for his personal injuries, claiming the University was negligent because the tractor contained an unguarded power drive that resulted in his clothing becoming entangled. Reichert claimed damages against the University in excess of the statutory limitation of $100,000 based on his contention that his injuries were the direct and proximate result of the University's operation of a "vehicle" under the provisions of section 8(d) of the Court of Claims Act (Act) (705 ILCS 505/8(d) (West 1998)).

The University filed a motion to strike Reichert's claim for damages in excess of $100,000 because it contended the tractor-auger combination that injured Reichert was not a "vehicle" under the Act. In August 1999, the Court of Claims granted the motion. Petitioner filed a motion to reconsider, which the Court of Claims denied.

In April 2000, Reichert filed a petition for *certiorari* in the circuit court of Pope County, challenging the Court of Claims' August 1999 order. The University and the Court of Claims challenged the issue of venue, but the circuit court denied the University's request to transfer venue to Sangamon County. The Fifth District Appellate Court reversed and transferred venue to Sangamon County. *Reichert v. Court of Claims*, 327 Ill. App. 3d 390, 398, 763 N.E.2d 402, 409 (2002). Thereafter, the Illinois Supreme Court found the circuit court lacked jurisdiction because a *certiorari* action may be filed only after a final decision has been issued by the challenged tribunal unless that tribunal lacks jurisdiction. *Reichert v. Court of Claims*, 203 Ill. 2d 257, 263, 786 N.E.2d 174, 178-79 (2003). The supreme court vacated the Fifth District's judgment and remanded to the circuit court with directions to dismiss Reichert's petition for writ of *certiorari*. *Reichert*, 203 Ill. 2d at 263-64, 786 N.E.2d at 179.

In May 2007, the Court of Claims issued an opinion finding the University was negligent but also finding Reichert was guilty of

contributory negligence. The Court of Claims attributed 51% of the fault to the University and 49% to Reichert. Based on Reichert's pain and suffering and disfigurement, the Court of Claims found his damages to total at least $250,000, although he failed to prove the amount of his medical bills. Because his damages exceeded the statutory cap on damages, the Court of Claims found Reichert was entitled to only $100,000 on his claim.

In June 2007, Reichert filed a petition for writ of *certiorari* in the circuit court of Pope County naming the Court of Claims as respondent. Reichert argued the Court of Claims' decision was against the manifest weight of the evidence. Reichert claimed the Court of Claims erred in limiting his damages to $100,000 and denying his medical expenses. In July 2007, the circuit court denied the petition. Reichert filed a motion to reconsider. In August 2007, the court granted the motion to reconsider and directed the circuit court clerk to issue summons against the Court of Claims to bring the record of its proceedings before the court.

In September 2007, the Court of Claims filed a motion to transfer venue to Sangamon County. In October 2007, Reichert consented to the motion to transfer venue. In December 2007, Reichert filed a second-amended petition for writ of *certiorari* in the circuit court of Sangamon County naming the Court of Claims and the University as respondents.

In February 2008, the University filed a motion to dismiss pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2—619(a)(9) (West 2006)). In March 2008, Reichert filed a motion for judgment on the pleadings. In May 2008, the Court of Claims filed a motion to dismiss pursuant to section 2—619.1 of the Procedure Code (735 ILCS 5/2—619.1 (West 2006)).

In June 2008, the circuit court granted respondents' motions to dismiss based on the rulings in *Rossetti Contracting Co. v. Court of Claims*, 109 Ill. 2d 72, 485 N.E.2d 332 (1985), and *Reyes v. Court of Claims*, 299 Ill. App. 3d 1097, 702 N.E.2d 224 (1998). The court stated the cases held a common-law writ of *certiorari* is unavailable to review the merits of a decision by the Court of Claims. This appeal followed.

## II. ANALYSIS

Reichert argues the scope of review for common-law *certiorari* is whether the Court of Claims in this case proceeded in accordance with the applicable law and whether its decision was against the manifest weight of the evidence. Respondents contend the circuit court correctly dismissed the petition because the merits of a Court of Claims decision are not subject to review in an action for a writ of *certiorari*.

## A. Standard of Review

In the case *sub judice*, the University filed a motion to dismiss under section 2—619(a)(9) of the Procedure Code while the Court of Claims filed a combined motion to dismiss under section 2—619.1. We review a circuit court's dismissal under section 2—619 *de novo*. *Aurelius v. State Farm Fire & Casualty Co.*, 384 Ill. App. 3d 969, 973, 894 N.E.2d 765, 769 (2008).

## B. Writ of *Certiorari*

Article XIII, section 4, of the Illinois Constitution provides that "[e]xcept as the General Assembly may provide by law, sovereign immunity in this State is abolished." Ill. Const. 1970, art. XIII, §4. Under section 1 of the State Lawsuit Immunity Act (745 ILCS 5/1 (West 2006)), the General Assembly has provided that "the State of Illinois shall not be made a defendant or party in any court," except as provided in the Court of Claims Act (705 ILCS 505/1 through 29 (West 2006)). Section 8 of the Act provides the Court of Claims with exclusive jurisdiction to hear and determine "[a]ll claims against the State." 705 ILCS 505/8(a) (West 2006). The Court of Claims is not a "court" within the meaning of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI) but was established by the General Assembly "to receive and resolve claims against the State." *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 97, 759 N.E.2d 906, 912 (2001).

"There is a general rule of common law that a common[-]law writ of *certiorari* is available to review the actions of an inferior tribunal when no other mode of appeal or review is provided, with the exception of the situation where the statute under which the inferior tribunal proceeded specifically denies review." *Rossetti*, 109 Ill. 2d at 79, 485 N.E.2d at 335. Because the Act does not provide a method of review of decisions of the Court of Claims, *certiorari* is available to address claims of alleged due-process violations by the Court of Claims. *Reichert*, 203 Ill. 2d at 261, 786 N.E.2d at 177; see also *Klopfer v. Court of Claims*, 286 Ill. App. 3d 499, 502-03, 676 N.E.2d 679, 682 (1997).

In *certiorari* actions, the circuit court acts as a court of review. *Reichert*, 203 Ill. 2d at 260-61, 786 N.E.2d at 177. "The purpose of *certiorari* review is to have the entire record of the inferior tribunal brought before the court to determine, from the record alone, whether the tribunal proceeded according to applicable law." *Reichert*, 203 Ill. 2d at 260, 786 N.E.2d at 177.

> "However, *certiorari* may not be used to review the correctness of a decision by the Court of Claims based upon the merits of the case before it. [Citation.] Requirements of due process are met by

conducting an orderly proceeding in which a party receives adequate notice and an opportunity to be heard. [Citation.] Due process is not abridged where a tribunal misconstrues the law or otherwise commits an error for which its judgment should be reversed." *Reichert*, 203 Ill. 2d at 261, 786 N.E.2d at 177. See also *Rossetti*, 109 Ill. 2d at 79-80, 485 N.E.2d at 335 (writ of *certiorari* is not available to review the merits of a decision by the Court of Claims); *Reyes*, 299 Ill. App. 3d at 1105, 702 N.E.2d at 230 ("[d]ue process does not guarantee against erroneous or unjust decisions"); *Klopfer*, 286 Ill. App. 3d at 503, 676 N.E.2d at 682.

In this case, Reichert does not argue he was denied his due-process rights to notice and the opportunity to be heard. Reichert contends the circuit court may review the merits of a Court of Claims decision on a petition for writ of *certiorari*.

In his appellate brief, Reichert cites cases holding the correct scope of review for common-law *certiorari* is the same standard applied under the Administrative Review Law (735 ILCS 5/3—101 through 3—113 (West 2006)). See, *e.g.*, *Hanrahan v. Williams*, 174 Ill. 2d 268, 673 N.E.2d 251 (1996); *Bono v. Chicago Transit Authority*, 379 Ill. App. 3d 134, 882 N.E.2d 1242 (2008); *Town of Sugar Loaf v. Environmental Protection Agency*, 305 Ill. App. 3d 483, 712 N.E.2d 393 (1999). However, these cases do not involve *certiorari* petitions in the context of decisions by the Court of Claims. Reichert has provided no direct authority for *certiorari* review of a Court of Claims decision beyond the limited question whether the claimant was afforded procedural due process.

In the supreme court's previous decision in Reichert's case, the court noted "*certiorari* may not be used to review the correctness of a decision by the Court of Claims based upon the merits of the case before it." *Reichert*, 203 Ill. 2d at 261, 786 N.E.2d at 177, citing *Klopfer*, 286 Ill. App. 3d at 503, 676 N.E.2d at 682. While the court's recitation of the law was *obiter dictum*, as the court found Reichert's *certiorari* petition was prematurely filed, such a statement " 'of a court of last resort can be tantamount to a decision and therefore binding in the absence of a contrary decision of that court.' " *Nudell v. Forest Preserve District*, 207 Ill. 2d 409, 416, 799 N.E.2d 260, 264 (2003), quoting *Cates v. Cates*, 156 Ill. 2d 76, 80, 619 N.E.2d 715, 717 (1993).

Here, no contrary authority exists from the supreme court concerning the proper scope of review for *certiorari* actions seeking review of Court of Claims decisions. Thus, the *obiter dictum* from *Reichert* is binding. Moreover, *Reichert* is consistent with previous decisions from the supreme court and appellate courts. See *Rossetti*, 109 Ill. 2d at 79-80, 485 N.E.2d at 335; *Reyes*, 299 Ill. App. 3d at 1106,

702 N.E.2d at 231 (writ of *certiorari* "is not available to review the correctness of any decision of the Court of Claims based on the merits of the case"); *Klopfer*, 286 Ill. App. 3d at 503, 676 N.E.2d at 682; *Hyde Park Medical Laboratory, Inc. v. Court of Claims*, 259 Ill. App. 3d 889, 896, 632 N.E.2d 307, 312 (1994) (declining "to extend the scope of review permitted in *Rossetti* to the merits of decisions from the Court of Claims"). It is true that the facts in *Rossetti* involved the absence of a hearing by the Court of Claims and not the review of a decision based on the merits. However, *Reyes* and *Klopfer* cited *Rossetti* as authority that *certiorari* review does not reach the merits. Further, *Reyes* and *Klopfer* were cited with approval by the supreme court in *Reichert*.

Here, Reichert seeks the use of the common-law writ of *certiorari* to allow the circuit court to consider the alleged errors by the Court of Claims as to the statutory cap on his damages and the denial of his past medical expenses. Such a use of *certiorari* does not attempt to ensure the protection of his procedural due-process rights but rather contemplates a finding on the merits of the Court of Claims decision. The overwhelming majority of authority, however, indicates *certiorari* may not be used to review the correctness of a Court of Claims decision based upon the merits of the case. Thus, we find no error in the circuit court's dismissal of Reichert's second-amended petition for writ of *certiorari*.

## III. CONCLUSION

For the reasons stated, we affirm the circuit court's judgment.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.