NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230343-U

NO. 4-23-0343

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 6, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| EDWARD WEINHAUS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| THE ILLINOIS COURT OF CLAIMS, | ) | No. 21CH129 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Ryan M. Cadagin, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Justice DeArmond and Justice Turner concurred in the judgment.

**ORDER**

¶ 1     *Held:*   The appellate court affirmed the trial court's order dismissing plaintiff's petition
for writ of *certiorari* because the Illinois Court of Claims has exclusive
jurisdiction over tort claims against the State and plaintiff was not denied due
process.

¶ 2     In October 2020, plaintiff, Edward Weinhaus, filed a complaint with the Illinois

Court of Claims (Court of Claims) against (1) the State of Illinois, (2) "the Unified Courts of

Illinois", (3) Judge Timothy C. Evans of the circuit court of Cook County, and (4) Judge Grace

Dickler of the circuit court of Cook County for "Negligent Supervision and Retention and

Willful and Wanton Supervision and Retention of the Hon. Regina A. Scannicchio."

¶ 3     In March 2021, the Court of Claims entered an order granting the State's motion

to dismiss plaintiff's complaint, explaining that it lacked jurisdiction over plaintiff's claims.

¶ 4     In September 2021, plaintiff filed a petition for writ of *certiorari* in the circuit

court of Sangamon County, seeking judicial review of the Court of Claims' decision. The Court

of Claims moved to dismiss the petition, and the trial court granted the motion, concluding that plaintiff was not deprived of due process before the Court of Claims.

¶ 5        Plaintiff appeals, arguing the trial court erred by dismissing his petition for writ of *certiorari*. We disagree and affirm the court's decision.

¶ 6                                I. BACKGROUND

¶ 7                                A. The Complaint

¶ 8        In October 2020, plaintiff filed suit in the Court of Claims against (1) the State of Illinois, (2) the Unified Courts of Illinois, (3) Judge Evans, and (4) Judge Dickler for "Negligent Supervision and Retention and Willful and Wanton Supervision and Retention of the Hon. Regina A. Scannicchio."

¶ 9        Plaintiff alleged generally that in September 2018, the mother of plaintiff's five children filed an emergency petition for temporary restraining order in Cook County (No. 12-D-8800) that was heard by Scannicchio. In October 2018, plaintiff's attorney sent a letter to Dickler, alleging that Scannicchio violated the Judicial Ethics Code and asked Dickler to pursue administrative remedies against Scannicchio. Dickler did not take any action, and Scannicchio continued to preside over the case.

¶ 10        Later in October 2018, following a hearing, Scannicchio denied the petition for temporary restraining order. Plaintiff's attorney then drafted the court order, noting that the petition had been denied, withdrew his appearance, and left the courtroom. Plaintiff alleged that after his attorney left, "without any matter in front of the Court, Scannicchio, outside the scope of her authority, ordered a termination of all visitation between [plaintiff] and [the children]."

¶ 11        Plaintiff also alleged that this part of the order lacked any legal basis and that Scannicchio ordered a complete suspension of plaintiff's visitation without any findings or a

hearing on any matter. In addition, plaintiff claimed he was not given notice of the matter, no testimony was presented, and he was denied the right to counsel. As a result of this order, plaintiff alleged that he and his five children suffered, among other injuries, (1) emotional and mental pain and suffering, (2) past loss of normal life, and (3) future loss of normal life.

¶ 12                    B. The State's Motion To Dismiss in the Court of Claims

¶ 13            In December 2020, the State filed a motion to dismiss plaintiff's complaint, arguing that the Court of Claims lacked jurisdiction over claims regarding (1) the supervision and retention of judges, (2) individuals, and (3) any order entered in the domestic relations action. The State also asserted that any claims against the judges were barred by the doctrine of judicial immunity.

¶ 14            Plaintiff responded that (1) the Court of Claims had jurisdiction over claims concerning the supervision and retention of judges and (2) such claims were not barred by judicial immunity.

¶ 15            In March 2021, the Court of Claims entered an order granting the State's motion to dismiss. The Court of Claims explained that it lacked jurisdiction over plaintiff's claims because the Illinois Constitution vested jurisdiction in (1) the Judicial Inquiry Board to investigate claims of judicial misconduct and (2) the Independent Courts Commission to hear formal complaints from the Judicial Inquiry Board and issue discipline. The Court of Claims also held that (1) it lacked jurisdiction over claims against individuals, (2) the claims against the judges were barred by judicial immunity, and (3) plaintiff was required to exhaust any judicial remedies and could not collaterally attack the trial court's orders in the domestic relations case.

¶ 16            Plaintiff filed a motion to reconsider the decision, arguing that the Court of Claims "mistakenly ruled that it lacked jurisdiction and then imputed judicial immunity for

administrative acts to the State." The Court of Claims denied the motion, explaining that plaintiff was reasserting arguments that he previously made, which was not a basis for rehearing.

¶ 17                                    C. The Petition in the Trial Court

¶ 18            In September 2021, plaintiff filed a petition in the circuit court of Lake County, which was transferred to the circuit court of Sangamon County, for a common law writ of *certiorari*, seeking judicial review of the Court of Claims' decision. The petition alleged that the "decision of the Court of Claims to foreclose its own jurisdiction to hear issues related to a civil suit tort action in damages against the State when the same action could be brought against a corporation denied [plaintiff] an opportunity to be heard on the merits of the allegations of the Complaint in violation of [his] due process rights." According to plaintiff, the Court of Claims erroneously determined that it did not have jurisdiction over his claims and that the claims were barred by judicial immunity.

¶ 19            In support of the petition, plaintiff attached, among other things, (1) a copy of the complaint that he filed in the Court of Claims, (2) the State's motion to dismiss that complaint, (3) his response to the State's motion, (4) the Court of Claims' order dismissing his complaint, (5) his motion to reconsider the dismissal order, and (6) the Court of Claims' order denying his motion to reconsider.

¶ 20            In November 2022, the Court of Claims filed a motion to dismiss plaintiff's petition, arguing, among other things, that he failed to state a cause of action. The Court of Claims argued that plaintiff did not allege facts showing that his right to due process was violated during the proceeding, which was required to permit judicial review of its decision.

¶ 21            In January 2023, plaintiff filed a response to the motion to dismiss, requesting that it be denied and arguing, among other things, that the Court of Claims' failure to exercise

jurisdiction over his claims deprived him of due process.

¶ 22    In March 2023, the trial court entered an order granting the Court of Claims' motion to dismiss the petition for writ of *certiorari* for failure to state a claim because plaintiff was not deprived of due process before the Court of Claims. The trial court ruled that judicial review of a decision of the Court of Claims was limited to determining whether the Court of Claims deprived a party of due process and could not be used to review the correctness of its decision on the merits.

¶ 23    This appeal followed.

¶ 24                              II. ANALYSIS

¶ 25    Plaintiff appeals, arguing the trial court erred by dismissing his petition for writ of *certiorari*. We disagree and affirm the court's decision.

¶ 26                A. The Applicable Law and Standard of Review

¶ 27                        1. *The Court of Claims*

¶ 28    The doctrine of sovereign immunity bars lawsuits against the State unless the State consents to be sued. *People ex rel. Madigan v. Excavating & Lowboy Services, Inc.*, 388 Ill. App. 3d 554, 558, 902 N.E.2d 1218, 1223 (2009). The purposes of the doctrine are (1) to protect the State from interference in the performance of its governmental functions and (2) to protect and preserve state funds. *Id.* at 559. Although sovereign immunity was abolished in the Illinois Constitution of 1970, the legislature was granted the authority to reinstate it (Ill. Const. 1970, art. XIII, § 4), which the legislature did by enacting the State Lawsuit Immunity Act (745 ILCS 5/1 (West 2022) ("Except as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, and Section 1.5 of this Act, the State of Illinois shall not be made a defendant or party in any court.")).

¶ 29 The Court of Claims Act provides that the Court of Claims shall have "exclusive jurisdiction" to hear and determine, among other things, "[a]ll claims against the State founded upon any law of the State of Illinois" and "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit." 705 ILCS 505/8(a), (d) (West 2022). The Court of Claims is not a "court" within the meaning of article VI of the Illinois Constitution. *Klopfer v. Court of Claims*, 286 Ill. App. 3d 499, 505, 676 N.E.2d 679, 683 (1997). Its function is not to adjudicate cases but " 'to receive and resolve claims against the state.' " *Krozel v. Court of Claims*, 2017 IL App (1st) 162068, ¶ 14, 77 N.E.3d 1165 (quoting *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 97, 759 N.E.2d 906, 912 (2001)). The Court of Claims Act does not provide for judicial review of the Court of Claims' decisions. *Hastings v. State*, 2015 IL App (5th) 130527, ¶ 16, 24 N.E.3d 1283.

¶ 30 Nonetheless, the Illinois Supreme Court has recognized a narrow exception to this rule, holding that common law *certiorari* review is available to address allegations that the Court of Claims denied a party the right to due process. *Reichert v. Court of Claims of State of Illinois*, 203 Ill. 2d 257, 261, 786 N.E.2d 174, 177 (2003); *Rossetti Contracting Co. v. Court of Claims*, 109 Ill. 2d 72, 78, 485 N.E.2d 332, 334 (1985); *Hastings*, 2015 IL App (5th) 130527, ¶ 16. "Requirements of due process are met by [a tribunal] conducting an orderly proceeding in which a party receives adequate notice and an opportunity to be heard." *Reichert*, 203 Ill. 2d at 261. A writ of *certiorari*, however, "may not be used to review the correctness of a decision by the Court of Claims based upon the merits of the case before it." *Jaros v. Illinois Court of Claims*, 2021 IL App (2d) 200397, ¶ 24, 190 N.E.3d 1277 (quoting *Reichert*, 203 Ill. 2d at 261).

¶ 31 2. *Section 2-615 Motions To Dismiss*

¶ 32 A motion to dismiss under section 2-615 of the Code of Civil Procedure (735

ILCS 5/2-615 (West 2022)) tests the legal sufficiency of a complaint. *Walworth Investments-LG, LLC. v. Mu Sigma, Inc.*, 2022 IL 127177, ¶ 39, 215 N.E.3d 843.

> "In ruling on a section 2-615 motion, a court must accept as true all well-pleaded facts and all reasonable inferences therefrom, to determine whether the complaint's allegations—construed in the light most favorable to the plaintiff— are sufficient to establish a cause of action upon which relief may be granted." *Id.*

¶ 33    Illinois is a fact-pleading jurisdiction. *Beahringer v. Page*, 204 Ill. 2d 363, 369, 789 N.E.2d 1216, 1221 (2003). Accordingly, a plaintiff must allege sufficient facts to support the claim asserted, and mere conclusions of fact or law unsupported by allegations of the specific facts upon which they rest are not sufficient to state a cause of action. *Id.* at 369, 378. Any exhibits attached to the complaint are considered part of the complaint. *Dvorkin v. Soderquist*, 2022 IL App (1st) 201368, ¶ 75, 208 N.E.3d 445.

¶ 34                            3. *The Standard of Review*

¶ 35    Appellate courts review a dismissal under section 2-615 *de novo*. *Jaros v. Illinois Court of Claims*, 2021 IL App (2d) 200397, ¶ 23, 190 N.E.3d 1277. "In addition, we review *de novo* a circuit court's denial of writs of *mandamus* \*\*\* and prohibition." *Id.* Appellate courts may affirm a trial court's grant of a section 2-615 motion to dismiss on any basis supported by the record. *Law Offices of Charles Chejfec, LLC v. Franz*, 2023 IL App (3d) 230083, ¶ 37.

¶ 36                            B. This Case

¶ 37    Plaintiff argues that he stated a claim for a due process violation by the Court of Claims because he alleged that the Court of Claims exceeded its constitutional authority by "abstain[ing] from jurisdiction" and not considering the merits of his complaint. Accordingly, plaintiff argues, the trial court erred by dismissing his petition for writ of *certiorari*. We disagree

and conclude that the court properly dismissed plaintiff's petition.

¶ 38        Due process is satisfied by the proceedings in the Court of Claims when an orderly proceeding is held and the party is provided with notice and an opportunity to be heard. *Reichert*, 203 Ill. 2d at 261. Here, plaintiff alleged in his petition that (1) he filed his complaint in the Court of Claims, (2) he was given notice of the State's motion to dismiss and responded to that motion, (3) the Court of Claims issued a written order responsive to the parties' arguments, explaining the reasons for dismissal, (4) plaintiff was then able to file a motion to reconsider, and (5) the Court of Claims issued another written order denying his motion to reconsider and explained its reasons for the denial. Based on these allegations, plaintiff's petition shows that he has been given ample due process by the Court of Claims.

¶ 39        Nonetheless, plaintiff contends that the Court of Claims violated his right to due process by failing to consider the merits of his complaint, characterizing its dismissal for lack of jurisdiction as an unconstitutional abstention from jurisdiction. However, to say this argument is without merit gives it more credit than it deserves. Simply put, if the Court of Claims determines that it does not have jurisdiction to hear a claim, then it *cannot* reach the merits of that claim. *Klopfer v. Court of Claims*, 286 Ill. App. 3d 499, 505, 676 N.E.2d 679, 684 (1997) ("Not only does a tribunal have the right to examine its jurisdiction on its own initiative, it has an affirmative obligation to do so *** as every act of a tribunal beyond its jurisdiction is void.").

¶ 40        Whether the Court of Claims erred regarding the jurisdictional issue is not reviewable. Due process is not violated if the Court of Claims merely misconstrues the law or otherwise commits an error for which its judgment could be reversed. *Reichert*, 203 Ill. 2d at 260-61 ("[*C*]*ertiorari* may not be used to review the correctness of a decision by the Court of Claims based upon the merits of the case before it. *** Due process is not abridged where a

tribunal misconstrues the law or otherwise commits an error for which its judgment should be reversed."). Accordingly, even if the Court of Claims erred in its determination that it did not have jurisdiction over plaintiff's claims, a misconstruction of the law does not amount to a due-process violation. *Reyes v. Court of Claims of the State of Illinois*, 299 Ill. App. 3d 1097, 1105, 702 N.E.2d 224, 230 (1998) (finding the plaintiff's due process rights would not be violated even if the Court of Claims made an incorrect ruling regarding the statute of limitations, which is a jurisdictional bar to suit).

¶ 41　　　　Because the Court of Claims allowed plaintiff a meaningful opportunity to be heard on the jurisdictional issue, he was not denied due process. *Id.* at 1104. See *Krozel v. Court of Claims*, 2017 IL App (1st) 162068, ¶ 22, 77 N.E.3d 1165 ("[U]nlike the subcontractor in *Rossetti*, who never had the opportunity to intervene or present any argument, plaintiff here had multiple opportunities to be heard on the limitations issue, which satisfies due process concerns under these circumstances."); *Hastings v. State*, 2015 IL App (5th) 130527, ¶ 22, 24 N.E.3d 1283 (holding that the Court of Claims proceedings satisfied due process where plaintiff, among other things, responded to defendant's summary judgment motion with a "memorandum of law that included citations to relevant case law and statutes as well as legal arguments and analysis").

¶ 42　　　　　　　　　　　　　　III. CONCLUSION

¶ 43　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 44　　　　Affirmed.