In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2423

JANICE M. FLESZAR,

*Petitioner*,

*v.*

UNITED STATES DEPARTMENT OF LABOR,

*Respondent*.

Petition for Review of a Decision of the
Administrative Review Board
Nos. 07-091 & 08-061

ARGUED FEBRUARY 12, 2010—DECIDED MARCH 23, 2010

Before EASTERBROOK, *Chief Judge*, HAMILTON, *Circuit Judge*, and SPRINGMANN, *District Judge*.[†]

EASTERBROOK, *Chief Judge*. The American Medical Association fired Janice Fleszar, who complained to the Department of Labor that the discharge violated §806 of the Sarbanes-Oxley Act, a whistleblower-protection provision. This law applies to a "company with a class of

---

[†] Of the Northern District of Indiana, sitting by designation.

securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78*l*), or . . . required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78*o*(d))". 18 U.S.C. §1514A(a). The Department declined to investigate Fleszar's allegations, concluding that the AMA, a nonprofit membership association that does not issue stock, is not covered. See 29 C.F.R. §1980.104(b). An administrative law judge agreed, as did the Administrative Review Board, which made the agency's final decision.

Fleszar does not contend in this court that the AMA has "a class of securities registered under" §12 of the 1934 Act. Section 15(d) provides that the SEC may require any "issuer" of securities that has registered them under the 1934 Act to file periodic reports for investors' information. Because the AMA does not have any outstanding traded securities, it is not an "issuer," and it is correspondingly difficult to see how §15(d) could apply.

Instead of arguing that the record demonstrates that the AMA is covered, Fleszar contends that the ALJ should have ordered the Secretary to conduct an investigation—one that Fleszar hopes might turn up a connection between the AMA and an issuer that would make §1514A applicable. The Association formerly had an affiliated broker-dealer (AMA Investment Advisers), through which it offered mutual funds to its employees and members for their retirement plans. The AMA told the Department that it divested this affiliate during the 1990s and that, since 2002, it has not filed, or been required to file, any reports with the SEC—and that the reports it

used to file were required by ERISA rather than the Securities Exchange Act of 1934. Fleszar believes that there is a possibility that more evidence might show that the AMA remains obliged to file reports (though under what statute or regulation Fleszar does not say). And §1514A(a) provides that its whistleblower-protection rules apply to any "contractor, subcontractor, or agent" of an entity that has stock covered by §12 or must file reports under §15(d). Fleszar believes that an investigation by a team of bloodhounds at the Department of Labor might turn up facts showing that the AMA is such a "contractor, subcontractor, or agent".

There is some question whether Fleszar's complaints to the Department (she filed two), and her administrative appeals, were timely. We need not decide whether she acted with the required dispatch, however, because the Department does not ask us to dismiss the petitions on account of any problems in the administrative process. Belated administrative filings are not a jurisdictional defect. *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982). The Supreme Court distinguishes between mandatory case-processing rules and true jurisdictional requirements. See, e.g., *Reed Elsevier, Inc. v. Muchnick*, No. 08-103 (U.S. Mar. 2, 2010) (collecting authority). Rules of administrative procedure are in the former category. See *Union Pacific R.R. v. Brotherhood of Locomotive Engineers*, 130 S. Ct. 584 (2009).

That is as far as Fleszar gets, however. She was the applicant in the administrative process, so she bore the

burdens of production and persuasion. *Director, OWCP v. Greenwich Collieries*, 512 U.S. 267 (1994); *Harp v. Charter Communications, Inc.*, 558 F.3d 722 (7th Cir. 2009); *Allen v. Administrative Review Board*, 514 F.3d 468, 475–76 (5th Cir. 2008). She did not satisfy either burden. Her proposal to transfer those burdens to the Secretary not only is incompatible with the Administrative Procedure Act but also neglects the vital point that the Secretary's decision whether to investigate and prosecute is not subject to review by an administrative law judge. 29 C.F.R. §1980.109(a). Nor is it open to judicial review. Prosecutorial decisions are committed to agency discretion. See 5 U.S.C. §701(a)(2); *Heckler v. Chaney*, 470 U.S. 821 (1985). (This aspect of the APA applies to whistleblower claims through a chain of references. See 18 U.S.C. §1514A(b)(2)(C), incorporating 49 U.S.C. §42121(b), which in turn incorporates Chapter 7 of the APA.)

Fleszar believes that it would improve enforcement of the Sarbanes-Oxley Act if the Secretary were more aggressive in nosing out violations. But courts are not in the business of inventing procedures that agencies must follow; it is enough to enforce the statutes and regulations on the books. *Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.*, 435 U.S. 519 (1978). An agency must be allowed the authority to decide where its investigative and prosecutorial resources are best applied. Judges do not know what is on the agency's menu and so cannot displace the agency's choices among projects. What sense would it make to direct the Department to investigate the AMA, which almost certainly is not covered by §1514A? That would just reduce

the resources available to investigate and vindicate claims by employees of publicly traded companies, the statute's main objects.

We don't share Fleszar's belief that the phrase "contractor, subcontractor, or agent" means anyone who has *any* contract with an issuer of securities. Nothing in §1514A implies that, if the AMA buys a box of rubber bands from Wal-Mart, a company with traded securities, the AMA becomes covered by §1514A. In context, "contractor, subcontractor, or agent" sounds like a reference to entities that participate in the issuer's activities. The idea behind such a provision is that a covered firm, such as IBM, can't retaliate against whistleblowers by contracting with an ax-wielding specialist (such as the character George Clooney played in "Up in the Air"). But whether or not this is the right way to understand "contractor, subcontractor, or agent", Fleszar did not produce evidence that the AMA fits this category, and the Secretary was not legally obliged to assist her.

Fleszar's reply brief contends that, if the Secretary did not have to pitch in, the ALJ should have lent aid by advising her how to conduct discovery more effectively. She did not make such a request of the ALJ, however, or contend on appeal to the Administrative Review Board that the ALJ erred in this respect. Nor did Fleszar make such an argument in her opening brief in this court. Accordingly, we need not consider whether—and, if so, when—an ALJ should depart from the role of a neutral arbiter and act as a complainant's legal adviser. Cf. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Statutes or

regulations create an obligation to assist *pro se* claimants in some situations when entitlement to federal benefits is at issue (e.g., Social Security disability proceedings, see *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009)); such an obligation is less common when the agency is adjudicating a dispute between private persons (here, Fleszar versus the AMA). But this is an issue for another day.

The petition for review is denied.