┌─────────────────────────────────────────────┐
│ **NONPRECEDENTIAL DISPOSITION** │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2017[*]
Decided March 31, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2992

| | |
|---|---|
| JODY KIMBRELL, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-cv-1182 |
| FEDERAL HOUSING FINANCE AGENCY, <br>     *Defendant-Appellee*. | Joe Billy McDade, <br> *Judge*. |

**O R D E R**

Jody Kimbrell sued the Federal Housing Finance Agency, contending that it violated various federal and state laws by failing to oversee properly the Federal National Mortgage Association, commonly known as Fannie Mae. The district court construed her complaint as attempting to raise claims under three statutes: the Housing and Economic Recovery Act of 2008, the Administrative Procedure Act, and the Federal

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Tort Claims Act. It dismissed all claims as legally baseless. We conclude that her complaint indeed fails to state a claim, so we affirm.

Kimbrell mortgaged property that she owned in Peoria, Illinois, through her realty company, borrowing over $2 million. The mortgage was eventually serviced by Wells Fargo and bought by Fannie Mae, which buys and guarantees residential mortgages, 12 U.S.C. §§ 1716, 1716(b); *DeKalb Cty. v. Fed. Hous. Fin. Agency*, 741 F.3d 795, 797 (7th Cir. 2013). Kimbrell later transferred a parcel of the property from her company to herself in order to construct a multi-family dwelling. When Wells Fargo found out, it declared the transfer a violation of the mortgage agreement because it removed collateral securing the loan. As a result Kimbrell owed Wells Fargo $15,000, but she refused to pay, prompting Wells Fargo to reject her proffered monthly mortgage payments. Fannie Mae then declared the mortgage in default. To reduce its financial risks, Fannie Mae assigned the mortgage and deeded the property to a holding corporation managed by Fannie Mae employees. It later foreclosed upon the property, which was sold at a judicial sale.

At the time of the foreclosure, Fannie Mae was under the conservatorship of the Federal Housing Finance Agency, which gave the Agency control over Fannie Mae. *See* 12 U.S.C. § 4617(a)(2); *DeKalb Cty.*, 741 F.3d at 797–98. The Agency was created by the Housing and Economic Recovery Act of 2008, Pub. L. No. 110–289,122 Stat. 2654, to regulate and supervise Fannie Mae and other financial entities, *see* 12 U.S.C. §§ 4511, 4513(a)(2)(B). Kimbrell complained to the Agency about Fannie Mae's foreclosure process. She asserted that her payments were current when Fannie Mae declared default and that its employees personally gained from the foreclosure because the assigned deed was in their names. The Agency dismissed her complaint, finding no factual basis for her allegations.

Dissatisfied, Kimbrell sued the Agency, alleging that it failed to oversee Fannie Mae as required by the Housing and Economic Recovery Act and its regulations. She believes that the Agency should have stopped Fannie Mae from, in her view, using fraudulent papers to foreclose on her property, and it should have responded to her complaint about fraud by taking action against Fannie Mae. Kimbrell sought to hold the Agency liable for Fannie Mae's alleged fraud and to enjoin the latter from selling her property and taking its rents.

The district court dismissed her complaint with prejudice. First, the court concluded that Kimbrell could not sue the Agency under the Housing and Economic Recovery Act because that Act's text allows only regulated entities to sue the Agency,

*see* 12 U.S.C. § 4513(c)(2). Second, the court ruled that if she sought to raise claims under the Administrative Procedure Act, either to challenge the Agency's failure to act or its dismissal of her administrative complaint, these claims failed as a matter of law. Third, the court rejected her tort claims because the Federal Tort Claims Act bars actions for fraud, and her tort claims all arose from an alleged fraud. For similar reasons and because the Act explicitly bars courts from restraining the Agency acting as conservator, *see* 12 U.S.C. § 4617(f), the court denied her request for injunctive relief. The court acknowledged that pro se parties usually get a chance to cure defects in a complaint, but the court refused to give one in this case because of the "nature of the claims."[1]

On appeal Kimbrell challenges both the dismissal of her complaint and the refusal to offer an opportunity to amend her complaint. She begins by arguing that she can sue the Agency under the Housing and Economic Recovery Act. The Act does not expressly provide a private right of action, so the only way that she can sue under it is if the right is implied. *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 282 (7th Cir. 2009). For a right to be implied, the text or structure of the Act must signal that Congress intended a private right of action. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002); *Teamsters Local Union No. 705 v. Burlington N. Santa Fe, LLC*, 741 F.3d 819, 823–24 (7th Cir. 2014). But the Act subjects the Agency to suit only by "regulated entities," e.g., Fannie Mae, and never mentions private persons. This confirms that Congress intended suits only by regulated entities. *See Dersch Energies, Inc. v. Shell Oil Co.*, 314 F.3d 846, 857 (7th Cir. 2002) (concluding that statute's explicit right of action for franchisors signaled that Congress did not intend suits by franchisees).

Moreover, Congress provided other means of redressing wrongs by Fannie Mae—it subjected the organization to suit directly (an option that Kimbrell has already pursued), 12 U.S.C. § 1723a(a); *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553 (2017). This confirms that the Act does not create a private right of action. *See Alexander v. Sandoval*,

---

[1] Kimbrell's suit raises the same allegations of fraud that she raised twice in state court—first, when she opposed foreclosure, and in a later case, when she sued Fannie Mae. In her suit against Fannie Mae, Illinois courts considered and rejected her allegations of fraud on preclusion grounds. *See Kimbrell v. Wells Fargo*, 2015 IL 140718-U, 2015 WL 5772108 (Ill. App. Ct. 2015) (holding that res judicata barred fraud claims because they were litigated in her earlier foreclosure proceedings). Issue or claim preclusion may indeed bar some of her claims in this case, but the Agency has never raised that affirmative defense—neither in the district court nor here. We therefore do not address preclusion. *See McDonald v. Adamson*, 840 F.3d 343, 346–47 (7th Cir. 2016).

532 U.S. 275, 290 (2001) (reasoning that Congress signals no private right when it provides other means of prosecuting violations of the statute); *Miller Aviation v. Milwaukee Cty. Bd. of Supervisors*, 273 F.3d 722, 731 (7th Cir. 2001) (same).

Next Kimbrell generally challenges the dismissal of her claims under the Administrative Procedure Act. To the extent that she faults the Agency for failing to stop Fannie Mae's foreclosure proceedings against her, her claim fails because she has not identified—and we cannot find—a statute or regulation requiring the Agency to do so. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65–66 (2004) (holding that courts can compel agencies to take only those actions "demanded by law," and when law permits discretion in how to achieve statutory directive, courts cannot compel a specific action to achieve that directive); *Wyoming v. United States Dep't of Interior*, 839 F.3d 938, 945 (10th Cir. 2016) (concluding that nothing in act or regulation required agency to take animal-removal action that plaintiffs contended the agency failed to take).

To the extent that she seeks review of the Agency's rejection of her administrative complaint, her claim runs into a similar roadblock. She identifies no part of the Housing and Economic Recovery Act or its regulations requiring the Agency to address administrative complaints. The absence of a complaint-filing process leaves us with no standard to review the Agency's decision on her complaint. And without such a standard, judicial review is not available. *See* 5 U.S.C. § 701(a)(2); *Heckler v. Chaney*, 470 U.S. 821, 837–38 (1985); *Fleszar v. U.S. Dep't of Labor*, 598 F.3d 912, 914–15 (7th Cir. 2010).

Kimbrell also challenges the dismissal of her claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). That statute excludes claims arising out of misrepresentation and deceit, 28 U.S.C. § 2680(h); *United States v. Neustadt*, 366 U.S. 696, 701–02 (1961), such as claims for negligently or willfully preparing and disseminating false information. *See Paul v. United States*, 929 F.2d 1202, 1204 (7th Cir. 1991); *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1012–13 (7th Cir. 1991); *JBP Acquisitions, LP v. U.S. ex rel. Fed. Deposit Ins. Corp.*, 224 F.3d 1260, 1265–66 (11th Cir. 2000); *see also Life Partners Inc. v. United States*, 650 F.3d 1026, 1032 (5th Cir. 2011). Kimbrell accuses federal officials of knowingly using falsified mortgage documents to defraud her out of her property. Her claims arise from this alleged fraud and, therefore, fall within the statute's exclusion.

Lastly, Kimbrell says that the district court erred by dismissing the action without giving her a chance to amend her complaint. Although ordinarily a plaintiff should get one chance to patch up a complaint, *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & N.W. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015), this opportunity is not necessary where the plaintiff does not ask for it, *Gonzalez-Koeneke v. West*, 791 F.3d 801, 809 (7th Cir.

2015); *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 401 (7th Cir. 2006), or the defects cannot be corrected, *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011). Kimbrell never asked for permission to amend her complaint or explained how she would correct it. And the defects cannot be cured because the statutes that she invokes cannot afford her relief, as the district court rightly explained.

We have reviewed the remaining arguments, and none has merit. We also note that Kimbrell has filed in this court a motion under Federal Rule of Civil Procedure 60(d)(3), seeking to set aside the district court's judgment because of alleged fraud. This motion is frivolous and has been filed in the wrong court to boot. It is DENIED, and the judgment is AFFIRMED.