# Illinois Official Reports

## Appellate Court

---

### *Krozel v. Court of Claims*, 2017 IL App (1st) 162068

---

| | |
|---|---|
| Appellate Court Caption | LAINIE KROZEL, Plaintiff-Appellant, v. THE COURT OF CLAIMS; THE STATE OF ILLINOIS; and CONNIE BEARD, in Her Official Capacity as Director of Revenue, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-16-2068 |
| Filed<br>Rehearing denied | April 24, 2017<br>June 9, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-13301; the Hon. Rita M. Novak, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Nixon Peabody LLP, of Chicago (Floyd D. Perkins, of counsel), for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Frank H. Bieszczat, Assistant Attorney General, of counsel), for appellees. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Presiding Justice Connors and Justice Mikva concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiff, Lainie Krozel, appeals the order of the circuit court granting defendants' motion to dismiss her complaint for writ of *certiorari*, which sought review of the Court of Claims' dismissal of her indemnity claim. On appeal, plaintiff contends her complaint should be reinstated because (1) the Court of Claims erroneously applied the two-year general statute of limitations contained in section 22(h) of the Court of Claims Act (705 ILCS 505/22(h) (West 2014)) instead of the five-year statute of limitations in section 22(a) for claims arising out of a contract (705 ILCS 505/22(a) (West 2014)); and (2) her due process rights were violated where the Court of Claims did not consider her complaint on the merits. For the following reasons, we affirm.

¶ 2                                              JURISDICTION

¶ 3        The trial court dismissed plaintiff's complaint on May 17, 2016. Plaintiff filed a motion to reconsider and vacate, which the trial court denied on June 23, 2016. Plaintiff filed her notice of appeal on July 21, 2016. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. May 30, 2008) governing appeals from final judgments entered below.

¶ 4                                             BACKGROUND

¶ 5        The following facts are relevant to this appeal. On December 12, 2008, the office of the Executive Inspector General (EIG) filed a complaint with the Illinois Executive Ethics Commission (EEC) alleging that plaintiff, the acting chief of staff for the Illinois Department of Revenue, violated the State Officials and Employees Ethics Act (5 ILCS 430/1-1 *et seq.* (West 2014)). Plaintiff sought legal representation from the Attorney General pursuant to section 2 of the State Employee Indemnification Act (Indemnification Act) (5 ILCS 350/2 (West 2014)). The Attorney General, however, represented EIG in the matter and denied plaintiff's request. Plaintiff therefore retained private counsel to represent her. Plaintiff continued to request representation by the Attorney General's office, and she argued for dismissal of the charge against her. Motions were filed and discovery conducted in preparation for trial on June 29, 2010. However, on the eve of trial, the Attorney General's office voluntarily dismissed the complaint against plaintiff. Plaintiff subsequently sought indemnification for her attorney fees under section 2(b) of the Indemnification Act (5 ILCS 350/2(b) (West 2014)). In April 2011, the Illinois Department of Revenue notified plaintiff it would not indemnify her for her attorney fees and costs.

¶ 6        On March 5, 2014, plaintiff filed a claim with the Court of Claims to recover her costs and attorney fees under section 2(b). The State filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2014)), arguing that section 22(h) of the Court of Claims Act requires plaintiff to file her claim within two years after its accrual. The State alleged that plaintiff's claim accrued "either when the EEC matter was voluntarily dismissed by the EIG on June 29, 2010, ending [her] need for legal representation, or at the very latest, when her subsequent request for attorneys' fees was denied, in April 2011." The State argued that since plaintiff filed her claim on March 5, 2014, it is barred by the limitations period set forth in section 22(h) and "must be dismissed in its entirety." The State

also argued that plaintiff's claim should be dismissed under section 2-615 of the Code (735 ILCS 5/2-615 (West 2014)) for failure to state a claim under the Indemnification Act.

¶ 7    Plaintiff filed a response to the State's motion to dismiss, in which she argued that the proper limitations period for filing her claim is found in section 22(a) of the Court of Claims Act for claims "arising out of a contract." 705 ILCS 505/22(a) (West 2014). Such claims "must be filed within 5 years after it first accrues" rather than the two years under section 22(h) for "[a]ll other claims." 705 ILCS 505/22(a), (h) (West 2014). Plaintiff argued that section 22(a) applies because she "seeks reimbursement for her attorneys' fees, costs, and expenses under the terms and conditions of her employment contract with the State, as those terms and conditions are set out in the Indemnification Act." Plaintiff argued that the State "was required to pay reasonable court costs, litigation expenses, and attorneys' fees pursuant to the Indemnification Act" where the Attorney General could not represent her due to a conflict of interest. In response, the State argued that the two-year limitations period applied because plaintiff was seeking payment pursuant to a statute (the Indemnification Act) rather than asserting a contract claim.

¶ 8    After the Court of Claims heard argument from both parties on the issue, it dismissed plaintiff's claim in its entirety. The Court of Claims acknowledged that the appropriate statute of limitations for claims arising under the Indemnification Act is an issue of "first impression." It noted that the Indemnification Act encompasses statutory duties "distinct from other theories of liability." Therefore, it concluded that plaintiff's "potential right to reimbursement pursuant to the Indemnification Act is independent from the underlying contract with the State of Illinois." It applied the two-year limitations period because plaintiff's right to recovery arose from a statute rather than a contract, and since plaintiff did not file her claim within two years of April 2011, when her reimbursement request was denied, her claim was untimely.

¶ 9    Plaintiff filed a petition for rehearing in which she again alleged that her claim arose out of a contract and therefore the five-year limitations period of section 22(a) applied. Plaintiff argued that her right to indemnification under the Indemnification Act arose from her employment and service; therefore, it was a matter arising out of contract. The State filed a response, and plaintiff replied, reiterating her argument that her claim is a contract claim. The Court of Claims denied the petition and upheld its previous order dismissing plaintiff's complaint as untimely. In the order, the Court of Claims disagreed that "the Indemni[fication] Act must be construed as a contractual term of [plaintiff's] employment with the State." It found that "[t]he law is clear. Statutes are presumed not to create contractual rights unless there is clear and explicit intent to do so by the legislature. The Indemni[fication] Act does not demonstrate a clear and explicit intent by the legislature to create a vested contractual right." The Court of Claims found "unconvincing" plaintiff's argument that the word "agreement" in the latter part of section 2(a) of the Indemnification Act (5 ILCS 350/2(a) (West 2014)) shows legislative intent to create a contractual right. Rather, plaintiff's argument "discounts the context in which the word 'agreement' is used and isolates it from the proper context," and the mere use of the word "does not explicitly create a contract, covenant, or vested right that obligates the State, its agents, or the Attorney General to appear on behalf of the employee and defend the action." It affirmed the dismissal of plaintiff's claim as untimely.

¶ 10    Plaintiff filed a complaint for writ of *certiorari*, seeking review and reversal of the Court of Claims' decision. In her complaint, plaintiff alleged that the Court of Claims failed to apply the five-year statute of limitations on her contract claim and, by failing to follow the law, the

decision "denied her both constitutional due process and equal protection." Plaintiff also argued that she "had no opportunity to be heard in a meaningful manner based on the Court's unlawful failure to follow the law." Defendants moved to dismiss the complaint pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2014)), arguing that the trial court lacked jurisdiction to review the correctness of the Court of Claims' determination and that plaintiff was not denied due process where she received a meaningful opportunity to be heard before the Court of Claims.

¶ 11 The trial court granted defendants' motion to dismiss and found the following cases controlling: *Klopfer v. Court of Claims*, 286 Ill. App. 3d 499 (1997), *Reyes v. Court of Claims*, 299 Ill. App. 3d 1097 (1998), and *Hyde Park Medical Laboratory, Inc. v. Court of Claims*, 259 Ill. App. 3d 889 (1994). Plaintiff filed a motion to reconsider which the trial court denied. Plaintiff filed this timely appeal.

¶ 12                                                    ANALYSIS

¶ 13 On appeal, plaintiff contends that the Court of Claims erroneously applied the two-year statute of limitations to dismiss her indemnification claim against defendants. She argues that the Court of Claims' improper dismissal denied her the right to be heard on the merits of her claim and, since she alleged this violation of her due process rights, the trial court erred in dismissing her complaint for writ of *certiorari*. Defendants filed a combined motion to dismiss under section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2014)). In reviewing a dismissal pursuant to both sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2014)), "we accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of the nonmoving party." *Dopkeen v. Whitaker*, 399 Ill. App. 3d 682, 684 (2010). Dismissal under either section is proper where plaintiff alleges no set of facts that would entitle her to relief. *Id.* We review dismissal pursuant to both sections *de novo*. *Kopchar v. City of Chicago*, 395 Ill. App. 3d 762, 766 (2009).

¶ 14 When the 1970 Illinois Constitution (Ill. Const. 1970, art. XIII, § 4) abolished the doctrine of sovereign immunity, "[e]xcept as the General Assembly may provide by law," the legislature established the Court of Claims with exclusive jurisdiction to hear and determine "[a]ll claims against the State." See 705 ILCS 505/8(a), (b) (West 2014). The function of the Court of Claims is not to adjudicate cases but rather "to receive and resolve claims against the state." *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 97 (2001). The Act does not provide a method of review of Court of Claims decisions. However, our supreme court has determined that a party may use *certiorari* as a means to address alleged deprivations of due process. *Rossetti Contracting Co. v. Court of Claims*, 109 Ill. 2d 72, 79 (1985). "The purpose of *certiorari* review is to have the entire record of the inferior tribunal brought before the court to determine, from the record alone, whether the tribunal proceeded according to applicable law." *Reichert v. Court of Claims*, 203 Ill. 2d 257, 260 (2003). However, "*certiorari* may not be used to review the correctness of a decision by the Court of Claims based upon the merits of the case before it." *Id.* at 261. Instead, a reviewing court determines whether the requirements of due process were met through the provision of "an orderly proceeding in which a party receive[d] adequate notice and an opportunity to be heard." *Id.* "Due process is not abridged where a tribunal misconstrues the law or otherwise commits an error for which its judgment should be reversed." *Id.*

¶ 15    In determining whether the Court of Claims proceeding violated plaintiff's right to due process, we find *Klopfer* instructive. In *Klopfer*, the plaintiff filed a complaint in the Court of Claims on January 16, 1981, seeking payment for abortions he performed on public aid recipients from June 1978 to February 1979. *Klopfer*, 286 Ill. App. 3d at 501. An evidentiary hearing was held, and the parties submitted briefs in support of their respective positions. The Court of Claims denied the plaintiff's claim, finding, in part, that his claim was untimely as it was filed after the one-year limit provided for in the Act. *Id.* The plaintiff filed a petition for rehearing in which he argued that the Illinois Department of Public Aid waived the statutory limitations period because it failed to raise the issue as an affirmative defense or by written motion, and that he had been denied a fair opportunity to address the issue. *Id.* at 501-02. The Court of Claims denied the petition, holding that the limitations issue was sufficiently raised during the proceedings and that timeliness was a jurisdictional issue such that the Court of Claims could dismiss an untimely claim on its own motion. *Id.* at 502.

¶ 16    The plaintiff filed a petition for a writ of *certiorari* in the circuit court against the Court of Claims, and the Court of Claims moved to dismiss the petition. The trial court granted the motion to dismiss. In determining whether dismissal was proper, the appellate court noted that "decisions of the Court of Claims are generally not subject to judicial review" except "where the Court of Claims acts in a manner that deprives a party of the constitutional right to due process." *Id.* The court thus considered only issues that addressed the due process given plaintiff before the Court of Claims, and "the propriety of the trial court having disposed of this action" under section 2-619. *Id.* at 503.

¶ 17    Noting that the plaintiff must show he filed his claim within the one-year limitation period provided in the Act, the court found that "[n]othing in the record of the proceedings before the Court of Claims or in the factual allegations contained in plaintiff's petition for a writ of *certiorari* even remotely suggests" the plaintiff was denied "an opportunity to introduce evidence in an effort to meet that burden." *Id.* at 506. It also found "no exception to the requirement that the jurisdictional time limitations in the Act must be met before the subject matter jurisdiction of the Court of Claims attaches." *Id.* at 507. Therefore, since the plaintiff did not file his claim within the one-year statute of limitations period and there was no deprivation of his due process rights by the Court of Claims, the trial court properly dismissed the plaintiff's petition for writ of *certiorari*. *Id.* at 508. See also *Reyes*, 299 Ill. App. 3d at 1104-06 (plaintiff was not deprived of his due process rights when the Court of Claims dismissed his claim as untimely, where it considered plaintiff's objections to the motion to dismiss based on the timeliness issue, as well as plaintiff's motion for rehearing and reconsideration, giving plaintiff "several opportunities to be heard").

¶ 18    As in *Klopfer* and *Reyes*, the issue before this court is whether the dismissal of plaintiff's indemnity claim as untimely denied her due process. To make this determination we consider, pursuant to *Klopfer* and *Reyes*, whether the Court of Claims provided plaintiff with an orderly proceeding where she received adequate notice and an opportunity to be heard. *Id.* at 1104. After plaintiff filed her claim with the Court of Claims, the State moved to dismiss based on the statute of limitations and plaintiff filed a response arguing that the five-year limitation applied and her claim was timely. The parties also presented their arguments at a hearing before the Court of Claims. After the dismissal of her claim, plaintiff filed a petition for rehearing in which she again argued for the five-year limitation and that she was denied due process. The record shows that plaintiff had numerous opportunities to be heard on the timeliness issue.

- 5 -

Therefore, plaintiff was not denied due process, and the trial court did not err in dismissing her complaint for writ of *certiorari*. *Klopfer*, 286 Ill. App. 3d at 508; *Reyes*, 299 Ill. App. 3d at 1104-05.

¶ 19     Plaintiff, however, argues that due process requires she have a chance to be heard on the merits of her claim before the Court of Claims. As support, she cites *Rossetti*. In *Rossetti*, a general contractor entered into a contract with the Illinois Department of Transportation and hired a subcontractor to work on various projects pursuant to the contract. *Rossetti*, 109 Ill. 2d at 74. After a dispute, the general contractor filed a claim with the Court of Claims seeking money due under the contract, including payments owed to the subcontractor. The Department of Transportation raised an affirmative defense, arguing that the general contractor engaged in fraud against the State. *Id.* at 74-75. The subcontractor sought to intervene in the action to argue that it had not engaged in fraud and should be paid. The Court of Claims, providing no reason, denied the subcontractor's request to intervene and granted summary judgment in favor of the Department of Transportation. The general contractor's claim was then dismissed in its entirety. *Id.* at 75.

¶ 20     The subcontractor filed a complaint for writ of *certiorari* in the circuit court. Although the court acknowledged that a manifest injustice had been done to the subcontractor and that it should have a right to appear in a forum and present its claim for payment, the court determined it had no jurisdiction over the matter and dismissed the complaint. *Id.* at 76. The subcontractor filed an appeal which this court dismissed. The supreme court allowed a petition for leave to appeal. *Id.* at 76-77.

¶ 21     Recognizing that the Court of Claims Act provides no method of judicial review of Court of Claims' decisions, the supreme court characterized the "primary issue" before it as whether filing a writ of *certiorari* was a proper method for the subcontractor to obtain judicial review. *Id.* at 77. Following its decision in *People ex rel. Harrod v. Illinois Courts Comm'n*, 69 Ill. 2d 445, 458 (1977), in which the supreme court determined that the Illinois Courts Commission was not a coequal court within the meaning of the constitution, it found that the Court of Claims also "is not a court within the meaning of the judicial article but instead is a fact-finding body." *Rossetti*, 109 Ill. 2d at 78. Reasoning that "it is the function and duty of [the supreme court] to act as the final arbiter of the Constitution," the court concluded it had "both the authority and responsibility" to determine whether the Court of Claims unconstitutionally deprived the subcontractor of its right to due process. *Id.* at 78. The supreme court found that the Court of Claims' application of the Department of Transportation's affirmative defense against the subcontractor, without allowing the subcontractor an opportunity to be heard, was a violation of due process reviewable on a writ of *certiorari*. *Id.* It cautioned, however, that "[i]n deciding that *certiorari* was appropriate under the rare set of circumstances in the instant case, we do not now hold that *certiorari* would be available to review the correctness of any decision of the Court of Claims based on the merits of an appeal." *Id.* at 79-80.

¶ 22     Plaintiff contends that she, like the subcontractor in *Rossetti*, had no opportunity to be heard before the Court of Claims, and therefore she also was deprived of her due process rights. We disagree. First, *Rossetti* did not involve a statute of limitations issue as we have here. Before reaching the merits of plaintiff's claim, the Court of Claims must have jurisdiction to hear her claim. There is "no exception to the requirement that the jurisdictional time limitations in the Act must be met before the subject matter jurisdiction of the Court of Claims attaches." *Klopfer*, 286 Ill. App. 3d at 507. Also, unlike the subcontractor in *Rossetti*, who

never had the opportunity to intervene or present any argument, plaintiff here had multiple opportunities to be heard on the limitations issue, which satisfies due process concerns under these circumstances. See *id.* at 508; *Reyes*, 299 Ill. App. 3d at 1104-05.

¶ 23    We note that there is a distinction between *Klopfer* and *Reyes*, and the case before us, where the parties in those cases did not dispute the applicable limitations period while the parties here disagree on whether the two or five-year limitations period applies. Plaintiff argues that her claim stems from a contractual right created by section 2(a) of the Indemnification Act, making the five-year limitations period applicable to her. The Court of Claims, however, looked at the language of the Indemnification Act and determined that no contract right was created; thus, the five-year limitations did not apply to plaintiff. Although *certiorari* may not be used to review the correctness of a Court of Claims' decision based on the merits, a court may review that decision for due process violations where the Court of Claims' actions exceed its constitutional authority to so act. *Rossetti*, 109 Ill. 2d at 78-80. Thus, in cases where the Court of Claims applies "its own independent judicial interpretation" and construction to statutory ambiguities, and its interpretation has no basis in law or citations to authority, the Court of Claims could be viewed as acting beyond its constitutional grant of authority. *Harrod*, 69 Ill. 2d at 472; *Rossetti*, 109 Ill. 2d at 78.

¶ 24    Here, in determining that the five-year limitations period for claims arising from a contract did not apply, the Court of Claims relied on clear and settled law that statutes are presumed not to create contractual rights unless the legislature expresses a clear and explicit intent to do so. Its order after rehearing cited to *Dopkeen v. Whitaker*, 399 Ill. App. 3d 682, 685 (2010), for this proposition. We find that the Court of Claims did not exceed its constitutional authority in making its determination, and therefore, plaintiff was not deprived of her due process rights. *Rossetti*, 109 Ill. 2d at 78. This is the limit of our scope of review pursuant to *Rossetti*, and we decline to extend that scope to review the merits of the Court of Claims' decision. See also *Hyde Park*, 259 Ill. App. 3d at 896 (court declined to extend its scope of review to reach the merits of the Court of Claims' decision).

¶ 25    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 26    Affirmed.