NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180759-U

NO. 4-18-0759

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 3, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| WINFRED OLIVER, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| THE ILLINOIS COURT OF CLAIMS, | ) | No. 17MR286 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Esteban F. Sanchez, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err by dismissing plaintiff's writ of *certiorari* because plaintiff failed to allege facts showing a due process violation.

¶ 2    In March 2017, plaintiff, Winfred Oliver, filed a *pro se* petition for writ of *certiorari* seeking review of a decision of defendant, the Illinois Court of Claims (Court of Claims). In August 2018, the Court of Claims filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)), asserting plaintiff failed to allege any facts showing it denied plaintiff due process. Following an October 2018, hearing, the Sangamon County circuit court granted the Court of Claims' motion to dismiss. Plaintiff appeals, asserting the circuit court erred by dismissing his petition. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4 Plaintiff is an inmate in the Illinois Department of Corrections. He filed a complaint in the Court of Claims, alleging multiple correctional officers at the Pontiac Correctional Center acted negligently, proximately causing him to be placed in punitive segregation for 30 days. Oliver v. State of Illinois, No. 15-CC-2827 (Illinois Court of Claims). Specifically, plaintiff alleged the officers (1) intentionally created the conditions leading up to a physical altercation between plaintiff and his former cellmate, (2) negligently placed the pair inside the same cell, and (3) failed to properly address a grievance regarding "staff conduct," ultimately resulting in plaintiff's placement in punitive segregation. According to his petition for writ of *certiorari*, plaintiff also asserted the State was liable to him for intentional infliction of emotional distress.

¶ 5 In the Court of Claims case No. 15-CC-2827, the State filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2014)). After a hearing on the State's motion to dismiss, the Court of Claims entered an order dismissing plaintiff's claim based on a lack of jurisdiction because the claim challenged the discipline imposed following the altercation. *Oliver*, No. 15-CC-2827 (Illinois Court of Claims, Mar. 8, 2016). The Court of Claims further found plaintiff failed to exhaust all of his available remedies before seeking relief from the Court of Claims.

¶ 6 On March 16, 2017, plaintiff filed his petition for writ of *certiorari* in the Sangamon County circuit court, asserting the order issued by the Court of Claims dismissing his claim was "arbitrary; contrary to published law; and/or against the manifest weight of the evidence" which, as a result, deprived plaintiff of his constitutional right to due process. Plaintiff attached to his petition for writ of *certiorari* the Court of Claims' March 8, 2016, order and its subsequent October 17, 2016, order denying plaintiff's petition for rehearing. Those orders are

the only documents from the underlying Court of Claims case included in the record on appeal. In August 2018, the Court of Claims filed a motion to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)), and a memorandum of law in support of the motion to dismiss, asserting plaintiff failed to state a cause of action for a writ of *certiorari* because he did not allege facts showing a due process violation.

¶ 7        After an October 17, 2018, hearing, the circuit court granted the Court of Claims' motion to dismiss, noting "the Court of Claims followed applicable law in dismissing plaintiff's complaint in that tribunal."

¶ 8        This appeal followed.

¶ 9                              II. ANALYSIS

¶ 10        Plaintiff challenges the circuit court's dismissal of his petition for writ of *certiorari* pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)).

¶ 11        A section 2-615 motion to dismiss challenges the complaint's legal sufficiency based on defects apparent on its face. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 19, 69 N.E.3d 834.  In ruling on such a motion, "a court must accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts." *Id.*  The court must determine "whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted." *Id.*  This court reviews *de novo* the grant of a section 2-615 motion to dismiss. *Id.*

¶ 12        The First District recently explained a circuit court's review of a decision by the Court of Claims.  See *Krozel v. Illinois Court of Claims*, 2017 IL App (1st) 162068, ¶ 14, 77 N.E.3d 1165.

"When the 1970 Illinois Constitution (Ill. Const. 1970, art. XIII, § 4) abolished the doctrine of sovereign immunity, '[e]xcept as the General Assembly may provide by law,' the legislature established the Court of Claims with exclusive jurisdiction to hear and determine '[a]ll claims against the State.' [Citation.] The function of the Court of Claims is not to adjudicate cases but rather 'to receive and resolve claims against the state.' [Citation.] The Act does not provide a method of review of Court of Claims decisions. However, our supreme court has determined that a party may use *certiorari* as a means to address alleged deprivations of due process. [Citation.] 'The purpose of *certiorari* review is to have the entire record of the inferior tribunal brought before the court to determine, from the record alone, whether the tribunal proceeded according to applicable law.' [Citation.] However, '*certiorari* may not be used to review the correctness of a decision by the Court of Claims based upon the merits of the case before it.' [Citation.] Instead, a reviewing court determines whether the requirements of due process were met through the provision of 'an orderly proceeding in which a party receive[d] adequate notice and an opportunity to be heard.' [Citation.] 'Due process is not abridged where a tribunal misconstrues the law or otherwise commits an error for which its judgment should be reversed.' [Citation.]" *Id.*

¶ 13　　　　Here, we find that plaintiff's *certiorari* petition did not plead facts raising a claim of a due process violation. The only grounds plaintiff offers for *certiorari* review are his disagreements with the merits of the Court of Claims' decision. Specifically, plaintiff asserts his due process rights were violated because the Court of Claims failed to "1) properly adjudicate [his] case as a negligence action and, 2) determine properly that judicial exhaustion was not required ***." Plaintiff does not assert any facts indicating he did not receive due process, *i.e.*, a lack of adequate notice or that he was denied an opportunity to be heard. Accordingly, the circuit court's dismissal of his petition was proper.

¶ 14　　　　　　　　　　　　　III. CONCLUSION

¶ 15　　　　For the reasons stated, we affirm the circuit court's judgment.

¶ 16　　　　Affirmed.