NOTICE
This Order was filed under Supreme
Court Rule 23 and is not precedent
except in the limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 190774-U

NO. 4-19-0774

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 16, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JOSEPH BARNES, | ) | Appeal from the |
|     Petitioner-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| ILLINOIS COURT OF CLAIMS, | ) | No. 19MR147 |
|     Respondent-Appellee. | ) | |
| | ) | Honorable |
| | ) | Jack D. Davis II, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err by dismissing petitioner's writ of *certiorari* because petitioner failed to allege facts showing a due process violation.

¶ 2    In February 2019, petitioner, Joseph Barnes, filed a *pro se* petition for writ of *certiorari* seeking review of a decision of the Illinois Court of Claims (court of claims). In April 2019, the court of claims filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)), asserting petitioner failed to allege any facts showing it denied him due process. Following an October 2019 telephone hearing, the Sangamon County circuit court granted the court of claims's motion to dismiss. Petitioner appeals, asserting the circuit court erred by dismissing his petition. We affirm.

¶ 3                  I. BACKGROUND

¶ 4        In February 2018, petitioner, an inmate in the Illinois Department of Corrections (DOC), filed a complaint in the court of claims, alleging the State and DOC converted his property after confiscating his desk lamp. *Barnes v. State of Illinois*, No. 18-CC-1781 (Illinois Court of Claims). Petitioner alleged that (1) on June 30, 2016, he was issued a disciplinary report for possession of contraband and disobeying a direct order, which indicated "that said lamp was phased out and [was] no longer sold at the Inmate Commissary," and (2) prison staff failed to properly address his grievance regarding the "wrongful confiscation of his desk lamp," thereby denying him the ability to exhaust all of his administrative remedies. According to his complaint, petitioner asserted the State was liable to him for a sum of $31.55, which included the desk lamp, lightbulb, "copies," and postage.

¶ 5        In June 2018, the State filed a motion to dismiss petitioner's complaint pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2016)), arguing the court of claims did not have jurisdiction to review the disciplinary and administrative decisions of DOC. In July 2018, petitioner filed a written response to the State's motion to dismiss, asserting, in part, "that his Complaint [was] a property issue and not a complaint concerning rules and policies of IDOC ***."

¶ 6        In September 2018, the court of claims entered an order dismissing petitioner's claim for lack of jurisdiction because it challenged an administrative decision of DOC to consider lamps with removable lightbulbs as contraband and subject to confiscation. *Barnes*, No. 18-CC-1781 (Illinois Court of Claims, Sep. 4, 2018).

¶ 7        In February 2019, petitioner filed his petition for writ of *certiorari* in the Sangamon County circuit court. Petitioner alleged the court of claims deprived him of his due process rights to be heard on the merits of his claim. Specifically, petitioner alleged that "no one

*** acknowledged, addressed or responded to the claim in [his] grievance concerning his desk lamp and his request to be reimbursed for the cost of the lamp," and the court of claims improperly allowed the State "to change [his] claim *** and respond to an issue that was never stated in [his] complaint." Petitioner further alleged the court of claims erroneously based its decision "on a case *** that supposed a claim that was not the claim petitioner was complainting [*sic*] about." Petitioner requested that the court review "copies of the attached 2 grievances and a copy of the Complaint filed in the Court of Claims," which he asserted would "verify that [his] complaint was never about administrative policies and decisions of [DOC]."

¶ 8        In April 2019, the court of claims filed a motion to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)) and a supporting memorandum of law, asserting petitioner failed to state a cause of action for a writ of *certiorari* because he did not allege facts showing a due process violation.

¶ 9        Following an October 2019 telephone hearing, the circuit court granted the court of claims's motion to dismiss with prejudice, noting petitioner could not state a claim for relief. Thus, a writ of *certiorari* was not appropriate relief under these set of facts.

¶ 10        This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12        Plaintiff challenges the circuit court's dismissal of his petition for writ of *certiorari* pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)). A section 2-615 motion to dismiss challenges the complaint's legal sufficiency based on defects apparent on its face. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 19, 69 N.E.3d 834. In ruling on such a motion, "a court must accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts." *Blumenthal*, 2016 IL 118781, ¶ 19. The court must determine

- 3 -

"whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted." *Blumenthal*, 2016 IL 118781, ¶ 19. This court reviews *de novo* the grant of a section 2-615 motion to dismiss. *Blumenthal*, 2016 IL 118781, ¶ 19.

¶ 13 The First District, in *Krozel v. Illinois Court of Claims*, 2017 IL App (1st) 162068, ¶ 14, 77 N.E.3d 1165, explained a circuit court's review of a decision by the court of claims.

"When the 1970 Illinois Constitution (Ill. Const. 1970, art. XIII, § 4) abolished the doctrine of sovereign immunity, '[e]xcept as the General Assembly may provide by law,' the legislature established the Court of Claims with exclusive jurisdiction to hear and determine '[a]ll claims against the State.' [Citation.] The function of the Court of Claims is not to adjudicate cases but rather 'to receive and resolve claims against the state.' [Citation.] The Act does not provide a method of review of Court of Claims decisions. However, our supreme court has determined that a party may use *certiorari* as a means to address alleged deprivations of due process. [Citation.] 'The purpose of *certiorari* review is to have the entire record of the inferior tribunal brought before the court to determine, from the record alone, whether the tribunal proceeded according to applicable law.' [Citation.] However, '*certiorari* may not be used to review the correctness of a decision by the Court of Claims based upon the merits of the case before it.'

[Citation.] Instead, a reviewing court determines whether the requirements of due process were met through the provision of 'an orderly proceeding in which a party receive[d] adequate notice and an opportunity to be heard.' [Citation.] 'Due process is not abridged where a tribunal misconstrues the law or otherwise commits an error for which its judgment should be reversed.' [Citation.]" *Krozel*, 2017 IL App (1st) 162068, ¶ 14.

¶ 14   Here, we find petitioner's *certiorari* petition did not plead facts raising a claim of a due process violation. The only grounds petitioner offers for *certiorari* review are his disagreements with the merits of the court of claims's decision. Specifically, petitioner asserts his due process rights were violated because (1) "no one *** acknowledged, addressed or responded to the claim in [his] grievance concerning his desk lamp and his request to be reimbursed for the cost of the lamp," and (2) the court of claims improperly allowed the State "to change [his] claim" and argue that the court of claims lacked jurisdiction to address the administrative polices of DOC. Petitioner does not assert any facts indicating he did not receive due process, *i.e.*, a lack of adequate notice or that he was denied an opportunity to be heard. See *Krozel*, 2017 IL App (1st) 162068, ¶ 14; see also *Reichert v. Court of Claims of State of Illinois*, 203 Ill. 2d 257, 261, 786 N.E.2d 174, 177 (2003). Once petitioner filed his complaint, the court of claims conducted orderly proceedings during which petitioner received adequate notice and an opportunity to be heard. When the State filed its motion to dismiss, petitioner was allowed to file his response. Accordingly, we find the circuit court properly denied petitioner's complaint for writ of *certiorari*.

¶ 15    Additionally, whether the court of claims erroneously based its decision "on a case *** that supposed a claim that was not the claim petitioner was complainting [*sic*] about," is not reviewable. Due process is not violated where the court of claims merely misconstrues the law or otherwise commits an error for which its judgment should be reversed. *Krozel*, 2017 IL App (1st) 162068, ¶ 14; *Reichert*, 203 Ill. 2d at 261. Thus, even if the court of claims erred in its determination, a misconstruction of law does not amount to a due process violation.

¶ 16                                    III. CONCLUSION

¶ 17    For the foregoing reasons, we affirm the circuit court's judgment.

¶ 18    Affirmed.